Argued May 7, decided May 27, rehearing denied July 1, 1913.

## FINLON v. NATIONAL UNION FIRE INS. CO.

(132 Pac. 712.)

**Insurance—Fire Insurance—Ownership in Fee Simple.**

A lessee with option to purchase has not a fee simple title, within Section 4666, L. O. L., providing that fire policies, unless otherwise provided, shall be void if the interests of insured be other than unconditional and sole ownership, or if the subject of insurance be a building on grounds not owned by insured in fee simple, and in the absence of an agreement indorsed on the policy a policy insuring a building owned by him situated on the leased premises is void.

From Grant: DALTON BIGGS, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by P. J. Finlon against the National Union Fire Insurance Company, a corporation.

The substance of the complaint is that on December 10, 1907, and until November 15, 1908, one Sullivan was the sole owner and in possession of a frame building occupied as a blacksmith-shop, and was the owner of the tools and fixtures contained therein; that on December 10, 1907, the defendant, in consideration of $15.35, executed and delivered to Sullivan its fire insurance policy, insuring the property in the sum of $350 against loss by fire, a copy of the policy being annexed to the complaint; that all the property was of a greater value, and was destroyed by fire November 15, 1908, and about November 20th thereafter Sullivan assigned the policy and all his rights thereto to the plaintiff; that immediately after the fire and assignment the plaintiff notified the defendant of the fire and loss, and that plaintiff was ready, willing and able to render a signed and sworn statement and furnish proof of said loss according to the conditions of the policy, and that defendant waived said proof and

requirements and refused to adjust the loss; that plaintiff has fully complied with all and every other terms and conditions subsequent and otherwise imposed by said policy; and that no part of the loss has been paid. The policy upon which the action is based provides, among other things, as follows: "That the policy shall be void if the insured has concealed or misrepresented any material fact or circumstances concerning said insurance or the subject thereof, or if the interest of the insured be other than unconditional and sole owner, or if the interest of the insured in the property be not truly stated herein, or if the ground occupied by the building is not owned by the insured in fee simple," etc.

After admitting the corporate existence of the defendant, the issuance of the policy of insurance, and the destruction of the property by fire, the answer denied all the other allegations of the complaint. Besides other defenses, the company then charged that, contrary to the representations of the insured, he never was the owner in fee of the land upon which it stood.

The reply traversed the new matter of the answer, except as alleged in the complaint, and further stated that at the time of the issuance of the policy in question the insured was the owner and possessor of the real property described in the policy, on which the insured building was situated, under a written contract for the sale thereof between the insured and the Whitney Contracting Company, and that the insured had fully complied with the conditions of the contract at the time of the insurance. In the jury trial which ensued there was a verdict for the plaintiff, and from the judgment rendered thereon the defendant appeals.

REVERSED.

For appellant there was a brief and oral arguments by *Mr. Gustav Anderson* and *Mr. Joseph J. Heilner.*

For respondent there was a brief, with oral arguments by *Mr. P. J. Bannon* and *Messrs. Hicks & Marks.*

Mr. Justice Burnett delivered the opinion of the court.

In support of the traversed allegation of the complaint about Sullivan's ownership of the property the plaintiff offered a writing executed and delivered to the insured by the Whitney Contracting Company, whereby it appeared that that company had leased to Sullivan, the insured, the property upon which the building was situated, giving him the option of purchasing the same by making certain payments. There was some testimony that Sullivan had made default in some of the payments, which were to be considered as rent of the premises unless the option to purchase was exercised, but that the contracting company had afterward extended the time for making them. This contract and the oral testimony mentioned constituted all the evidence of title in the insured to the ground upon which the building stood.

At the close of the plaintiff's case the defendant moved for a judgment of nonsuit in its favor, among other reasons, because the evidence produced was insufficient to authorize the jury to find a verdict for the plaintiff. The defendant predicates error upon the ruling of the court denying that motion. Section 4666, L. O. L., provides: "On and after the first day of October, 1907, no fire insurance company, corporation, or association, their officers or agents, shall make, issue, use, or deliver for use any fire insurance policy, or renewal of any fire policy on property in this state,

other than as shall conform to the following conditions, which conditions shall be contained upon page two of such policy of insurance and which shall form a portion of the contract between such insurer and insured, and which shall read as follows: * * This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void * * if the interests of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * ''

The policy in question was issued December 10, 1907, after the act quoted went into operation. The lease, with the lessee's option to purchase, does not in any sense of the word vest him with fee simple title to the land on which the insured building stood. There being no agreement to the contrary indorsed upon the policy or added thereto as required by the statute, that instrument was shown to be void, making plaintiff's case amenable to the objection urged by the motion for nonsuit. In this respect, if in no other, the plaintiff failed to prove a case sufficient to be submitted to the jury under the allegations of his complaint. Other questions were suggested by the argument and brief, but we deem it unnecessary to consider them.

The judgment of the court below is reversed, with directions to enter a judgment of nonsuit as prayed for by the motion of the defendant.    REVERSED.