Argued July 22, decided July 29, rehearing denied September 9, 1913.

## OATMAN v. BANKERS' FIRE RELIEF ASSN.*

(133 Pac. 1183: 134 Pac. 1033.)

**Insurance—Insurable Interest—Wife's Property.**

1. The insured cannot recover on a fire insurance policy, running to him, on his wife's interest in the insured premises, as his interest in his wife's property is not deemed an insurable interest, within the rule that an insurable interest exists only when the insured would lose in case the property should burn.

[As to existence of title in spouse of insured as violation of sole ownership clause in insurance policy, see note in Ann. Cas. 1912B, 269.]

**Insurance—Insurable Interest—In General.**

2. In an action on an insurance policy, plaintiff must allege and prove that the insured had an insurable interest in the property, both at the time of the making of the contract of insurance and at the time of the loss.

**Insurance—Title of Insured—Statute.**

3. Where the ground on which the house of insured was situated was owned partly by others than the insured, and the policy contained

---

*On the effect of knowledge by insurer's agent of falsity of statements in application, see note in 16 L. R. A. 33. And as to bad faith of assured as affecting estoppel of insurer to set up falsity of answers in application, because of agent's knowledge of such falsity, see note in 14 L. R. A. (N. S.) 279.     REPORTER.

a provision, as required by Section 4666, L. O. L., as amended by Laws of 1911, pages 279–284, that, if insured was not the sole and unconditional owner in fee simple of the ground, the policy would be void, unless otherwise agreed in an indorsement on the policy, and there was no such indorsement, the policy was void.

### Insurance—Construction—Language to be Followed.

4.  Section 4666, L. O. L., as amended by Laws of 1911, pages 279–284, which requires insurance companies to state in their policies that, if the insured is not the sole and unconditional owner in fee simple of the ground covered by the insured building, the policy shall be void, unless otherwise agreed in an indorsement thereon, and imposing a penalty for failure to make such provision in their policies, must be construed according to its language as making a policy containing such provision, and lacking the indorsement under such circumstances, void.

### Insurance—Construction of Policy—Severability.

5.  Where a policy covers a house and also personal property, and the insurance on the house is void because there was no indorsement, as required by the policy, that insured were not the sole owners, the insurance on the personal property is not rendered invalid as the two parts are severable.

[As to divisibility of insurance contracts, see note in Ann. Cas. 1912C, 989.]

### PETITION FOR REHEARING.

### Insurance—Waiver of Right to Forfeit Policy—Knowledge of Agent— Statutory Policy Form.

6.  The provision in the standard form of a fire policy, in conformity with Laws of 1911, pages 279, 280, adopting such form, that it should be void if insured did not own in fee simple the land upon which the building stood, unless an agreement to that effect was indorsed upon the policy or added thereto, cannot be waived by the agent of the company in any other manner than that prescribed by the statute, and the fact that he knew that the insured did not own the fee simple does not entitle the insured to recover after the destruction of the property.

[As to waiver of conditions in insurance policies requiring waivers to be indorsed in writing, see note in 107 Am. St. Rep. 99.]

### Insurance—Waiver of Right to Forfeit Policy—Statutory Form of Policy.

7.  The rules relevant to questions of waiver prior to the enactment of the standard policy law do not apply to policies written in conformity with that law.

### Statutes—Construction—Judicial Duty.

8.  It is the duty of the courts to give effect to the provisions of the standard fire insurance policy law, and not to nullify it.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.    Statement by MR. JUSTICE RAMSEY.

This is an action by H. M. Oatman and T. A. Lane against the Bankers and Merchants' Mutual Fire Relief Association upon a policy of fire insurance, issued by the defendant to the plaintiffs, to recover the sum of $2,000, the amount of said policy.    This policy was issued September 7, 1911, upon a two-story frame dwelling-house at Myrtle Creek in Douglas County and upon personal property.    The amount of insurance on the house was $1,600 and on the personal property $400.    All of said property was destroyed by fire on February 3, 1912.    The plaintiffs paid a premium of $20 on said policy.    The plaintiffs made proof of their loss by said fire.    It is claimed that said proof was defective.    Issues were made up, and this case was tried by a jury, and a verdict and a judgment were rendered for the plaintiffs in the sum of $1,500.    The defendant appeals and alleges the commission of various errors by the trial court.

REVERSED : REHEARING DENIED.

For appellant there was a brief, with oral arguments by *Buchanan & Porter* and *Hollis & Graham.*

For respondent there was a brief, with oral arguments by *Cardwell & Watson* and *Mr. C. F. Leavengood.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

The evidence tended to show that the plaintiffs were the owners of the personal property insured.

1. The plaintiff H. M. Oatman, when a witness in his own behalf, was asked who owned the real estate insured in the policy sued on, and answered: "My wife, Mr. Lane's boy, Mr. Lane's wife, Floyd Weaver, and

Annie Fry, and a few small interests in it of two little cousins of hers or Mrs. Dement's. I do not know what their given names are; two minor heirs, two little girls.'' This witness testified also that he and his coplaintiff owned the dower interest of Mrs. Emma Dement in said real property, and this is all the interest that the plaintiffs claimed in the real property, upon which the house was located, and it was shown that this interest was conveyed by a deed made by Emma Dement, dated October 26, 1909. This deed is in evidence and is defendant's Exhibit No. 1. Mr. Oatman admitted that this is the deed by which he and Mr. Lane claimed said dower interest in said real property, and that they had no interest in said real property, excepting what was conveyed by said deed. This instrument was recorded in the records of deeds of Douglas County. It is a quitclaim, and remised and released and quitclaimed unto Mrs. Homer Oatman, T. A. Lane, and J. B. Harris all the rights of dower which said Emma Dement had in the Geo. Dement estate of every kind and nature wherever situated, together with the personal property of said estate set off to said Emma Dement by the County Court of Douglas county, Oregon, including her dower interest in the real estate in Myrtle Creek and the furniture and furnishings in the hotel. It recites that it was made for the sum of $200, paid by Mrs. Homer Oatman, T. A. Lane, guardian of Harold Lane, a minor, and J. B. Harris.

Mr. Oatman, one of the plaintiffs, testified that Mrs. Homer Oatman is his wife, but asserts that he and Mr. T. A. Lane paid the consideration for said deed and that his wife did not pay anything for said dower right or for said personal property. However, the deed is made to her and not to him. He never had any deed for any interest in said land, and hence he had no

interest therein. Her name may have been inserted
in the deed by mistake, but we are constrained to con-
strue the deed as it reads. Therefore the evidence
shows that the plaintiff H. M. Oatman had no interest
in the insured real estate, and that the plaintiff T. A.
Lane owned only one third of the dower interest of
said Emma Dement in said premises, and that the other
two thirds of said dower right in said premises are
owned by Mrs. Homer Oatman and J. B. Harris, who
are not named as beneficiaries in said policy. The
plaintiff H. M. Oatman has no insurable interest in
said real property on which said house was located,
but he may have an insurable interest in the personal
property. A person has an insurable interest in prop-
erty only when the conditions are such that he will lose
in case the property should be burned: *Farmers &
Merchants' Ins. Co.* v. *Mickel,* 72 Neb. 122 (100 N. W.
130, 9 Ann. Cas. 992); *Home Ins. Co. of N. Y.* v. *Men-
denhall,* 164 Ill. 458 (45 N. E. 1078, 36 L. R. A. 374).
In the case last cited the Supreme Court of Illinois
says: "Where the title of one is such, though not in fee,
that he would suffer a loss or damage by the destruc-
tion of the premises, he may protect his interest, what-
ever may be the nature of it, by insurance, and thus it
follows that an insurable interest is not always a fee-
simple title."

2. In an action on an insurance policy, the plaintiff
must allege and prove that the insured had an insur-
able interest in the property, both at the time of the
making of the contract of insurance and at the time of
the loss: *Chrisman* v. *State Ins. Co.,* 16 Or. 283· (18
Pac. 466); *Hardwick* v. *State Ins. Co.,* 20 Or. 547
(26 Pac. 840). In this state a husband has no insur-
able interest in his wife's property: 19 Cyc. 589; *Agri-
cultural Ins. Co.* v. *Montague,* 38 Mich. 548 (31 Am.

Rep. 326); *Mercantile Ins. Co.* v. *The Orphan Boy,* Fed. Cas. No. 9431.

The evidence tends to show that the plaintiffs had an insurable interest in the personal property referred to in the policy and that T. A. Lane had an insurable interest in the dwelling-house, but the plaintiff Oatman appears not to have had any interest in the house. There is an irreconcilable conflict in the decisions of the courts as to whether agents of insurance companies can waive conditions in contracts of insurance. This court in several cases held that conditions in such contracts could be waived: *Arthur* v. *Palatine Ins. Co.,* 35 Or. 27 (57 Pac. 62, 76 Am. St. Rep. 450); *Allesina* v. *London Ins. Co.,* 45 Or. 442 (78 Pac. 392, 2 Ann. Cas. 284).

3. But in 1907 the legislature of this state passed an act on this subject (Section 4666, L. O. L.) changing this rule, and this act was amended in 1911: See Laws of 1911, pp. 279–284. This statute requires insurance companies to incorporate into their policies, *inter alia,* the following condition: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void \* \* if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple," etc. Under this provision, which is a part of the policy sued on, less than an unconditional or sole ownership or an interest less than a fee simple may be insured, but a statement setting forth such interest must be indorsed on the policy or added thereto or the policy is void. The policy sued on contains the conditions of the statute quoted, *supra,* but contains no indorsement or statement showing that the insured's interest in the real property on which the dwelling-house was situated was less than a *sole ownership,* or that their estate

therein was less than a *fee simple.* Hence, according to the terms of said policy and of said statute, said policy is void.

4. It was argued by the respondent that said statute did not affect the validity of the policy, and that it merely imposed on an insurance company a fine for noncompliance with its terms. But we think that noncompliance with its terms invalidates the policy, so far as it applies to interests in real property.

The statute declares that, unless its terms are complied with, the policy shall be void, and statutes are to be construed according to the language used. This statute was construed by this court recently in *Finlon* v. *National Union Fire Ins. Co.,* 65 Or. 493 (132 Pac. 712), and it was there held that noncompliance with the provisions of said statute invalidated the policy. In that case, commenting on the statute referred to, Justice Burnett said: "There being no agreement to the contrary indorsed upon the policy or added thereto as required by the statute, that instrument [the policy] was shown to be void, making plaintiff's case amenable to the objection urged by the motion for a nonsuit." We follow that decision and hold that the policy in this case is void so far as it attempted to insure the dwelling-house.

5. The policy in this case placed $1,600 on the dwelling-house and $400 on personal property. We hold that the policy is separable and that it is void as to the $1,600 on the house and valid as to the $400 on the personal property.

19 Cyc., p. 626, says: "When the contract (policy) is invalid as to part of the risk, it may be enforced as to that part as to which it is not invalid, if the two can be separated. Agreements or stipulations in a policy, which are forbidden by law, will be disregarded and the contract sustained."

In this case the insurance on the personal property is separable from the void part of the policy and enforceable.

In the first instruction given by the trial court to the jury is contained the following: "There has been some evidence introduced here tending to show that there was a deed made by the parties owning this property to Mrs. Oatman and to Mr. Lane, and the evidence tends to show that he was guardian of Harold Lane. I instruct you as the law that the ownership of such an interest, with the knowledge of the defendant making the policy, would be an insurable interest, and the plaintiffs under such a state of facts would be entitled to recover, under the policy, the value of the property destroyed."

The evidence shows that the deed referred to in the foregoing instruction was made by Mrs. Emma Dement, and that all the interest that she had or conveyed was her right of dower in said premises, and she conveyed this dower right to *Mrs.* Oatman, Mr. Lane, and J. B. Harris; Mrs. Oatman and Mr. Harris are not among the beneficiaries of the policy issued, and all the evidence as to the fee-simple title of the land, upon which the dwelling-house was situated, tended to show that it was vested in a number of heirs who were not beneficiaries of the policy. It is evident that the plaintiffs acted in good faith in obtaining this policy, and that the defendant's agent knew substantially what the facts were as to the title of the real premises, but the statute referred to, *supra,* declares that a policy issued as this was issued is void. It is our duty to obey the mandate of the law and hold that it is void as to the dwelling-house. It follows that the above instruction was erroneous. It is not necessary to pass on the other questions raised by this appeal.

The judgment of the court below is reversed and a new trial granted.

REVERSED : REHEARING DENIED.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Burnett concur.

Denied September 9, 1913.

ON PETITION FOR REHEARING.

(134 Pac. 1033.)

Mr. Justice Ramsey delivered the opinion of the court.

6. The respondents petition for a rehearing, and claim that the appellant waived the following condition, written in the policy sued on (Laws 1911, pp. 279, 280) : "This entire policy, *unless otherwise provided by agreement* indorsed hereon or added hereto, shall be void * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple," etc. The meaning of this provision is clear. It signifies that, where one insures a building situated on land which the insured does not own in fee simple, the policy is void, unless an agreement showing what the insured's interest is is indorsed on the policy or added thereto, and hence, according to said condition, the policy is void.

The respondents attempt to escape the effect of said condition by alleging that the company's agent who obtained the insurance knew that the plaintiffs did not own or claim to own the fee-simple title to the land on which the house stood, and they claim, also, that the plaintiff Oatman told the agent that the property belonged to an estate, and that he was agent for the

estate, and that the agent told Oatman that he was the proper person to take out the policy, etc. There was no fraud on the part of the respondents in taking out the policy, and they made no intentional misrepresentation in order to obtain it. Mr. Oatman, however, did claim that he and his coplaintiff owned a dower right in the land. In this he was partly in error. Mr. Lane and two other persons owned the dower right, but Mr. Oatman had no interest therein. His wife had an interest, but Mr. Oatman had none. The testimony of Mr. Oatman shows that some of the persons who owned the house and land were minors. These minors evidently could not have appointed him agent to look after their interests. He did not claim to be their guardian.

Both the statute and the policy declare that the policy shall be void if the insured does not own the land in fee simple, unless an agreement to that effect is indorsed on the policy or added thereto. It does not state or mean that it shall not be void if the company or its agent knew, when the policy was issued, that the insured did not own the property in fee. The policy is declared to be void in the absence of an agreement, either in the policy or indorsed on it, showing what the insured's interest is, if it is less than the fee, and, as this condition states one limitation thereon, all others are excluded; the old maxim: *"Expressio unius est exclusio alterius,"* being applicable. The statute (Laws 1911, p. 279) requires every insurance company to write into its policies the condition stated, *supra,* and other conditions set forth in the statute, and declares that such conditions "shall form a portion of the contract between the insurer and assured."

According to the policy sued on and the statute referred to, said condition is a part of the contract

between the parties, and the company and the beneficiaries are bound by this provision. Prior to 1907 Oregon had no law prescribing what policies of insurance should contain, and this court held, in several cases, that companies waived some conditions in policies by acts inconsistent with them.

But this uniform policy act was enacted for the purpose of settling various questions in regard to life insurance, on which the decisions of the courts of the different states were in hopeless conflict, and we believe that two objects in the enactment of this law were to create uniformity in the policies to be issued and to make the conditions set forth in the law and incorporated into the policies binding contracts on the companies and on the insured. It would be unreasonable to believe that no change was effected in the law of insurance by the enactment of this statute. The state of Wisconsin enacted a uniform policy law like the one in this state, and this law was construed by the Supreme Court of that state in *Bourgeois* v. *Northwestern Nat. Ins. Co.,* 86 Wis. 606 (57 N. W. 347). The Wisconsin law contained this provision (the same as the Oregon law) : "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," etc. In the case referred to the company issued a policy, and; at the time it was issued, the agent of the defendant company was informed that the insured would soon thereafter procure additional insurance on the property in another company, *and by parol gave his assent thereto.* The only question before that court was whether the agent could waive by parol one of the printed conditions of

the policy.    Justice WINSLOW, delivering the opinion of
the court, said:

"In 1891 an act was passed by our legislature pro-
viding for the uniform policy of insurance to be issued
in this state, known as the 'Standard Insurance Pol-
icy.'    This act went into effect September 1, 1891.    The
policy in suit here was the standard policy provided for
by that act, was issued December 16, 1891, and conse-
quently must be governed by the provisions of that act.
* * It provides in clear and distinct terms that other
conditions may be printed or written upon or attached
to the policy, but that they shall not be inconsistent
with, nor a waiver of, any of the provisions or condi-
tions of the standard policy.    In thus providing that
other conditions may be incorporated in the policy by
writing or printing, other methods are plainly excluded
under familiar legal principles.    The intent plainly
was and is that, so far as the conditions and provisions
of the standard policy go, they shall govern, and that
they shall not be omitted, changed, or waived in any
manner.    Other provisions, not conflicting, we think,
may be added in writing, or printed; but the conditions
of the standard policy itself must remain unimpaired.
The condition broken here was one of the conditions of
the standard policy.    It is claimed that it was waived,
not in printing or writing, but by mere word of mouth.
Can this be successfully maintained?    If so, then this
part of the law is at once emasculated.    If this be so,
then the agent may do, by the merest casual word of
mouth, that which neither he nor the company could
do by the most formal written stipulation under seal.
Such a result cannot be tolerated.    The law could be
scarcely more explicit in its terms than it is.    To our
minds, it is clear that since the enactment of this law,
at least, the local agent cannot, either in writing or by
parol, at the time the insurance is effected, change or
waive that provision of the standard policy prohibiting
future additional insurance."

The state of New York has the standard policy law, and, in *Moore* v. *Insurance Co.,* 141 N. Y. 219 (36 N. E. 191), the court held that the standard policy act was passed to remedy existing evils and to protect insurance companies from the perils of alleged *parol waivers by their local agents.* The Supreme Court of Massachusetts, in *Parker* v. *Insurance Co.,* 162 Mass. 479 (39 N. E. 179), held that an agent cannot change any of the provisions of the standard policy, adopted by law, except by written indorsement, and then only in reference to such matters as the law, by its terms, provides for. Volume 13 of the American and English Encyclopedia of Law, second edition, page 223, states the rule as to waiver of conditions under the standard policy thus: "The conditions of the standard policy cannot be waived except as provided therein and written or printed on the face of the policy."

In this case the condition stated in the policy is that it shall be void if the insured did not own the sole interest in fee simple of the lots on which the insured house stood, unless otherwise provided by agreement indorsed on the policy or added thereto. As the insured did not own the sole or fee-simple interest in the land, the policy is void, because an agreement to the contrary was not indorsed on the policy or added thereto. An interest less than the sole or fee-simple interest can be insured, provided a contract to that effect is indorsed on the policy or added to it. No such contract was made or indorsed on or added to the policy in this case.

7. The rules relevant to questions of waiver prior to the enactment of the standard policy law do not apply now. So far as this statute is inconsistent with the common law, it supersedes it.

8. It is the duty of the courts to give effect to the statute, and not to nullify its requirements. This stat-

ute not only imposes a penalty on insurance companies for noncompliance with its terms, but it declares in express terms that if the condition quoted, *supra,* is not complied with, the policy is void.

We consider the case of *Finlon* v. *National Union Fire Ins. Co.,* 65 Or. 493 (132 Pac. 713), in point, and we follow it. In that case the insured claimed to own the property in question, but really owned only an equity in it. The court held the policy to be void. In this case Oatman and Lane claimed to own a dower right in the land obtained from Mrs. Dement; but Oatman owned no interest whatever therein, and Lane owned only an undivided one-third of the right of dower therein, and this unassigned dower right was a chose in action only. The policy was issued to Oatman and Lane, and contained nothing to indicate that they did not own the sole fee-simple title to the land on which the house was situated. The policy, so far as it attempted to insure the house, is void.

The standard policy law contains many provisions, but this decision applies to the facts of this case only.

The petition for a rehearing is denied.

REVERSED : REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.