Argued June 30, modified July 13, rehearing denied September 14, 1915.

# HOWARD *v.* HORTICULTURAL FIRE RELIEF.

## (150 Pac. 270; 151 Pac. 476.)

**Appeal and Error—Waiver of Objections to—Demurrer—Pleading Over.**

1.   While a demurrer to the form of the complaint may be waived by pleading over, if such demurrer attacks the sufficiency of a complaint to state a cause of action, and it is overruled, pleading over does not waive it for the purpose of an appeal, since the sufficiency of the complaint can be attacked in the Supreme Court for the first time.

**Insurance—Fire Insurance—Title of Insured.**

2.   Where a policy of fire insurance was issued under Section 4666, L. O. L., as amended by Laws of 1911, page 279, regulating the conditions to be contained in such policies, no agreement or memorandum being attached thereto providing for the insurance of any interest less than the sole and unconditional ownership of the person named as assured, nor permittting the insurance of the building upon ground in which the insured had other than a fee-simple title, as required by the statute to effect such insurance, and of the two persons assured, who were operating the insured fruit cannery, one had purchased a half interest in the property as trustee with funds of his father's estate, of which he was an executor, under a will whereby the widow had equal title to the *corpus* of the estate with the executors, and could only be deprived of it by her own act, he could not recover upon the policy, as his interest in his share of the property was less than sole ownership.

[As to when concealments or misrepresentations avoid policy, see note in 35 Am. Rep. 629.]

**Pleading—Construction—Complaint—Admissions.**

3.   Where the complaint in an action on a fire policy averred that plaintiff held only as trustee, he cannot contend that the complaint stated a cause of action, because of general averments of unqualified ownership, for the admission qualified the general allegation.

From Jackson: Robert G. Morrow, Judge.

Department 2.   Statement by Mr. Justice Eakin.

This is an action by S. T. Howard, Jr., and George A. Morse against the Horticultural Fire Relief of Oregon.   The facts are as follows:

On or about December 10, 1912, a fruit cannery located near Medford, Oregon, together with its equipment and contents, was destroyed by fire.   At the time

of the said fire, and at the time of the issuance of the policies hereinafter mentioned, the record title to the property to the ground upon which the same was located stood in the name of .S. T. Howard, Jr., and George A. Morse, plaintiffs in this action. Prior to the fire in question the plaintiff S. T. Howard, Jr., made application for and secured the issuance of fire insurance policies upon said property as follows:

On August 7, 1912, policy No. 17420 of the Horticultural Fire Relief of Oregon, purporting to insure S. T. Howard and George A. Morse against loss by fire for the term of one year beginning August 26, 1912, to an amount not exceeding $750, upon a two-story frame building, together with its additions adjoining and communicating; on September 16, 1912, policy No. 18,198 of the Horticultural Fire Relief of Oregon, purporting to insure S. T. Howard and George A. Morse against loss by fire from September 14, 1912, to December 13, 1912, to an amount not exceeding $500 upon fruit, green, dried or in process of drying, while contained in said fruit cannery building. Each of said policies contained and consisted of the provisions set forth in Section 4666, L. O. L., as amended by Laws of 1911, Chapter 175, and was what is commonly known as the "standard fire insurance policy." No agreement or memorandum was attached to or indorsed upon any of said policies providing for the insurance of any interest in said property less than the sole and unconditional ownership therein of the persons named as assured in said policies, nor permitting the insurance of a building upon ground in which the assured had other than a fee-simple title. On or about February 8, 1913, after said fire, the plaintiffs presented proofs of loss to the company issuing the policies above mentioned. In each

of said proofs of loss plaintiffs swore to the following statements concerning the ownership of the property claimed to have been destroyed by fire:

"That the interest of the assured and each of them is that of owner of an undivided one-half interest in and to the property described in said policy, and as to the undivided one-half interest of S. T. Howard, Jr., the estate of S. T. Howard, deceased, of which S. T. Howard, Jr., together with J. K. Howard, his brother, are executors, provided the money with which said property was purchased, and the said S. T. Howard, Jr., is, as such executor, trustee of said estate; that it is his custom to take title to property in his own name and insure it for the benefit of said estate in his own name, and that the said S. T. Howard has complete control of said property: * * * there are no encumbrances on said property; heretofore there was an execution issued out of the Circuit Court of the State of Oregon in and for Jackson County, and levied upon said property; that said execution was void, to the best knowledge and belief of the insured, and each of them; that thereafter, and before this fire occurred, there was issued out of said Circuit Court of the State of Oregon for Jackson County, an injunction enjoining the sale of said property and enjoining the plaintiff [defendant] in said suit from proceeding further in said matter, which said injunction is still in force with a slight modification, and which modification was made *ex parte* and without notice to said S. T. Howard, in whose behalf said injunction was issued, and without whose knowledge said modification was obtained."

This suit was commenced on June 25, 1913, to recover the sum of $1,250 upon the two policies issued by the defendant as above set forth.

The defendant demurred to the complaint against it upon the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it showed upon its face that plaintiffs were not the sole

and unconditional owners of the property described in the policy sued for. The demurrer was overruled, and defendant interposed an answer setting up the following provisions:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss. This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

It was further alleged in said answer that plaintiffs herein were named as the insured in said policies of insurance; that at the time said policies were written and issued, and at the time of said fire, said plaintiffs were not the unconditional and sole owners of the property described in said policies, or of any part thereof, but an undivided one-half interest therein belonged to and was vested in the plaintiff George A. Morse, and the title to the remaining one-half interest therein was vested in plaintiff S. T. Howard, Jr., as trustee for the use and benefit of C. I. Howard and the estate of S. T. Howard, Sr.; that of the undivided one-half interest in said property the title to which was vested in the plaintiff S. T. Howard as aforesaid C. I. Howard was and is the beneficial owner of one half thereof, and the estate of S. T. Howard is owner of the other undivided one half thereof. The case was tried by a jury, and a verdict rendered in favor

of the defendant as to the first cause of action, namely, for $500, and against it for $750, from which verdict defendant appeals.  MODIFIED.  REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Veazie, McCourt & Veazie,* with an oral argument by *Mr. John McCourt.*

For respondents there was a brief over the names of *Messrs. Boggs & Wilson* and *Mr. William I. Vawter,* with an oral argument by *Mr. O. C. Boggs.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. The important question involved on this appeal is in regard to the ruling of the court upon the demurrer, and subsequently upon admission of testimony on the ground that plaintiffs were not the unconditional owners of the title to the property.  The proof of loss as incorporated in the complaint is twice set forth.  Exhibit B as to the first cause of action shows that the half interest of the property sued for by plaintiff S. T. Howard was purchased by money from the estate of S. T. Howard, deceased.  In the second cause of action it is again set forth as Exhibit D in the same language.  Plaintiffs say that the complaint affirmatively alleges they are the owners of the property, each of an undivided half interest therein, contending that this allegation constitutes a *prima facie* case of ownership; but the allegation is a mere conclusion.  The further facts as to the source from which the money came for the purchase of the undivided half interest of S. T. Howard, Jr., are set forth in the proof of loss, and are entirely adverse to the claim

that plaintiffs are the absolute owners thereof. From said proof, and this is not contradicted, it conclusively appears that S. T. Howard, Jr., is not the owner in fee simple of the property, but owns it in trust for the benefit of the estate of S. T. Howard, deceased, and he cannot become the owner of the property by reason of his custom of dealing with the property as his own, The title to the property is a legal question. Neither the assertions of S. T. Howard, Jr., nor of J. K. Howard have the effect to deprive the estate of S. T. Howard, deceased, or the widow, of title to the property. The ground of the demurrer to the complaint is that it does not state facts sufficient to constitute a cause of action. A demurrer to the form of the complaint may be waived by pleading over, and this is the character of pleading upon which plaintiff's counsel are relying: *Oregon & C. R. R. Co.* v. *Jackson County,* 38 Or. 589 (64 Pac. 307, 65 Pac. 369). The sufficiency of the complaint can be raised in this court for the first time; and, if demurred to, and the demurrer is overruled, pleading over does not waive it, as shown by numerous Oregon cases: *Creecy* v. *Joy,* 40 Or. 28 (66 Pac. 296); *Mellott* v. *Downing,* 39 Or. 226 (64 Pac. 393). Nor can the plaintiffs' case be established by presumptive title where the facts are disclosed as to the source of the money invested. Plaintiffs claim that by the terms of the will they were given full power to use the estate funds as they pleased. J. K. Howard's admission or statement as to whether the Howard estate claimed any interest in the property cannot bind the estate, cut off the interest thereof, or effect to give title. Counsel insist that the executors of the will, or either of them, can invest or dispose of the property of the estate without consulting the heirs

or the widow; but the will cannot be so understood. It provides that on the death of either of the testators the executors act for the deceased; and, in case there is one surviving, the other still retains his title, and can only be deprived of it by his own act. Upon the death of both the testators the executors are given full power in the management of the estate for the benefit of all the legal heirs and children. They may handle it or dispose of it only to the best interests of all concerned. The will throughout shows a trust in the executors and confidence that they will do what is right. It stipulates that they are to keep a correct account of the administration of the estate, and fairly carry out the spirit of the will for the benefit of the estate or the heirs in all things; and, one of the testators being still alive, nothing can be done without the acquiescence of the survivor. A fourth subdivision of the codicil, bearing date the 24th of August, 1907, provides:

"That any and all acts of our said executors, such as deeds, mortgages, leases, sales, investments, etc., must be made, done, and consented to by both of them and by the surviving testator or testatrix to be binding and valid; otherwise the same shall be void."

The court instructed the jury:

"The real owner is the person whose money bought it. In this case * * no investment could be made without the concurrence and consent of the two executors and the widow. Notwithstanding that provision, if one of the executors should invest the money of the estate, the other executor and the widow would have a right to either affirm of disaffirm within a reasonable time after they discovered the investment, but they must exercise that right within a reasonable time. What is a reasonable time I will leave to you to determine."

By the provisions of the will investments must be made, done, and consented to by both the executors and surviving testator to be binding and valid; otherwise the same shall be void. This does not place upon the testator any question of prompt election or affirmation of the act in order to render it void. In this case it appears fully from the testimony that the survivor had no knowledge of the transaction whatever, and therefore had no opportunity to elect, nor is there any testimony upon that question, and the will itself prevents the conclusion which the court adopts that she must be deemed to have approved it. The widow by the terms of the will must act for herself before she can be bound. The executor who acted in this case says that he bought the property on his own judgment, probably meaning thereby to insinuate that it became his individual purchase. He says that he did not consult either the executor or the widow, and his acts could not bind the widow or the estate. There was some question as to plaintiff's right to dispute this proof of loss, but the effect of that proof does not refute the fact that the purchase was made by said plaintiff as trustee. The defendant had a right to act upon that proof, and evidently did rely upon it in defending this suit, for nowhere until nearly the close of the case was it disclosed that such was not the case; in fact, it is not disclosed at all. J. K. Howard attempts to state that the estate had no claim upon this property, but he cannot determine that matter for the estate, or the heirs, and he admits that he knew nothing about it until shortly before this suit: *Finlon* v. *National Union Fire Ins. Co.,* 65 Or. 493 (132 Pac. 712); *Oatman* v. *Bankers' Fire Relief Assn.,* 66 Or. 388 (133 Pac. 1183, 134 Pac. 1033).

There was no question made upon the argument as to whether or not the interest of George A. Morse might be affected by the court's conclusion herein. However, we take it for granted that his interest in the insurance is not affected by this testimony.

The case will be reversed as to the interest of S. T. Howard, Jr., and affirmed as to that of George A. Morse; the judgment to be final in this court.

MODIFIED.   REHEARING DENIED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

—————

Denied September 14, 1915.

ON PETITION FOR REHEARING.

(151 Pac. 476.)

Rehearing denied and former opinion approved.

REHEARING DENIED.

*Messrs. Veazie, McCourt & Veazie,* for appellant.

*Messrs. Boggs & Wilson* and *Mr. William I. Vawter,* for respondent.

Department 2.   MR. JUSTICE EAKIN delivered the opinion of the court.

3. This is a motion for a rehearing. Plaintiff urges the application of the same rule as stated in *Stanchfield Warehouse Co.* v. *Central R. R. Co.,* 67 Or. 396 (136 Pac. 34), to the effect that pleading over after demurrer is overruled waives the demurrer. The second point in the syllabi states:

"Plaintiff, by pleading over after a demurrer to the answer was overruled, did not waive the objection that

the answer did not state facts sufficient to constitute a defense, and such objection could be raised at any time during the trial, or on appeal."

This, we understand, states the general rule that the sufficiency of the complaint or the jurisdiction of the court are never waived, and can be raised at any time. In this case the plaintiff alleges that the interest of Howard in the insured property was in trust, and any allegation in the complaint of ownership of the insured property would fall before such a statement. Plaintiff relies upon the fact that the complaint alleges that he is the owner of the property sought to be recovered, and upon that allegation as conclusive in regard to that question; but such a conclusion cannot be reached, in the face of the allegations of the complaint that Howard owns only as trustee. That admission is relied upon by the defendant, and cannot aid the plaintiff to remand the case for further proceedings in the lower court, for the reason that there is no proceeding that will allow him to deny such admission.

The defendant objected to the question to Howard concerning the conclusion of law as to the owner of the property, where Howard answered, "Myself and Mr. Morse," when facts appearing in the complaint show that he does not own the property.

The motion for rehearing will be denied and the original opinion adhered to.

FORMER OPINION APPROVED.      REHEARING DENIED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.