Argued April 26, reversed and remanded May 15, 1917.

## WALLER *v.* CITY OF NEW YORK INS. CO.*

(164 Pac. 959.)

**Insurance—Construction of Fire Policy—Absolute Ownership.**

1. A party in possession under a partly performed contract for the purchase of realty is the sole and unconditional owner in fee simple within the Oregon standard fire insurance policy.

**Appeal and Error—Harmless Error—Instructions.**

2. Where the court should have instructed that plaintiff insured was the owner of property burned, defendant insurance company cannot complain because the question was left to the jury.

[As to burden of proof as to sole and unconditional ownership in action on fire insurance policy, see note in Ann. Cas. 1913B, 212.]

————

*For authorities discussing the question whether or not a vendor under a land contract can be held to be a "sole and unconditional owner" for the purposes of insurance, see notes in 22 L. R. A. 527; 27 L. R. A. 614; 40 L. R. A. 358; 59 L. R. A. 319; 66 L. R. A. 569.

On how far an undivided interest in property is a complete and full ownership for the purposes of insurance, see notes in 18 L. R. A. 481; 21 L. R. A. (N. S.) 442.

On right of vendee to insurance under executory contract as owner where vendor holds legal title, see note in 20 L. R. A. (N. S.) 775.

The question of outstanding contract for sale of property as defeating sole and unconditional ownership by vendor is discussed in notes in 2 L. R. A. (N. S.) 512; 52 L. R. A. (N. S.) 670.    REPORTER.

**Insurance—Pleading—Reply—Waiver.**

3.   An insured cannot declare upon the policy and, when charged by the insurer's answer with shortcomings, reply that such omissions were waived.

**Pleading—Reply—Departure.**

4.   A plaintiff cannot allege that he has fully complied with a contract, and later shift his ground by replying that the omissions charged in defendant's answer were waived.

**Appeal and Error—Review—Instructions.**

5.   Although defendant insurance company's allegations regarding plaintiff's misrepresentations were insufficient, yet instructing that such defense might be waived constitutes reversible error where waiver was not an issue.

**Insurance—Fraudulent Representations—Pleading.**

6.   A fraudulent misrepresentation avoiding a fire insurance policy must have been knowingly false, have misled the insurer, and increased the risk.

**Insurance—Fraudulent Representations—Pleading.**

7.   Defendant fire insurance company's allegations that plaintiff secured insurance on a house which defendant had previously refused to insure by misstating its name and location, *held* insufficient where facts showing the materiality of such representations or the resulting damage to defendant were not stated.

From Multnomah: T. E. J. DUFFY, Judge.

Action by Frank L. Waller against the City of New York Insurance Company, a corporation, to recover for loss by fire of a building occupied as a dwelling, that was insured in the defendant company. From the verdict of a jury in favor of plaintiff, defendant appeals. Reversed and remanded.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by the assured to recover on a policy of insurance in the standard statutory form for loss by fire of property described as a one and one-half story frame building and its additions occupied as a dwelling, and situate on the realty mentioned therein.   The complaint alleges the corporate character of the defendant and the making of the contract

of insurance upon the consideration of a premium of $12, setting out as an exhibit a copy of the policy. It also avers that the plaintiff was the sole owner of the property; that it was destroyed by fire August 22, 1914, without any fault of his while the policy was in force; that thereafter he gave notice of the loss and made proof of the same; that the value of the property was greatly in excess of the amount of the insurance and that although he has fully and substantially performed the contract on his part to be performed the defendant has refused to pay the loss notwithstanding his demand therefor.

The answer admits the execution of the policy "purporting to be on a dwelling-house" and the presentation of proofs of loss, but otherwise denies the allegations of the complaint. Besides stating in each the corporate character of the defendant as an insurance company, it sets up three separate defenses as follows:

1. "That on or about the 18th day of August, 1914, this plaintiff did by false and fraudulent means and misrepresentations induce this defendant to issue and deliver the insurance policy mentioned in plaintiff's amended complaint; that prior to the time said policy was issued, this plaintiff called upon the agents and representatives of this defendant in the city of Portland, Oregon, and at said time requested a policy of insurance upon a building, commonly known as 'The Hut'; that the defendant and its agents refused to issue any policy upon said building; that said building at said time was used for road house purposes; that prior to the time said policy was issued this plaintiff wrongfully, intentionally and fraudulently represented that the property upon which said policy was to be placed was not the road house, commonly known as 'The Hut' but was a building situated back of Willamette Heights in the city of Portland, County of Multnomah, Oregon. That the plaintiff knew that said

representations were false and fraudulent and were made intentionally, and said representations were acted upon to the damage and injury of this defendant. That said policy of insurance was secured through fraudulent and false means by this plaintiff. * *

2. "That on or about the 18th day of August, 1914, this defendant, because of the fraud and misrepresentations of this plaintiff, made, executed and delivered to the plaintiff the policy of insurance mentioned in plaintiff's amended complaint. That said insurance policy provides that the plaintiff and holder of said policy should be the owner in fee simple of the premises sought to be insured. That at the time of the execution of said policy and at the time of the fire complained of by the plaintiff, this plaintiff was not the owner in fee simple of said property, and at no time mentioned in said amended complaint was the plaintiff the owner in fee simple of the property described in said complaint, and in the policy of insurance set forth in said complaint, and the plaintiff at the time of the issuance of the policy set forth in his complaint fraudulently misrepresented his title to the property insured, all to the damage of this defendant. * *

3. "That at the time of the issuance of insurance policy set forth in plaintiff's amended complaint said property was not used as a dwelling house and has never been used as a dwelling house. That said property is commonly known as 'The Hut' and used for road house purposes. That said building was not occupied at the time of the issuance of said policy, nor at any time mentioned in said complaint."

The reply traverses each of these defenses and asserts the following:

"That after said fire occurred and after said defendant was informed of all of the alleged matters set forth in said first, second and third separate answers and alleged defenses, the said defendant demanded of and received from the plaintiff the full premium on said policy of insurance, and furthermore requested and demanded that the plaintiff submit himself for examin-

ation under and by virtue of the terms of said policy, and the said plaintiff in conformance with said request did submit himself for examination, and was examined relative to the matters contained in said policy, of insurance by the defendant and its agents; that the defendant has otherwise requested of and from the plaintiff additional information; that because and by reason thereof, the said defendant has waived any right that it might otherwise have had to urge said defenses, and has by reason of its actions, as aforesaid, affirmed and ratified said contract of insurance.''

A jury trial resulted in a judgment for the plaintiff from which the defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Senn, Ekwall & Recken,* with an oral argument by *Mr. Frank S. Senn.*

For respondent there was a brief over the name of *Messrs. Seitz & Clark,* with an oral argument by *Mr. Maurice W. Seitz.*

MR. JUSTICE BURNETT delivered the opinion of the court.

One of the questions urged on appeal is whether the plaintiff was the sole and unconditional owner of the property within the meaning of the policy and held the fee-simple estate in the ground on which the burned house was situated. From the documentary evidence on file it appears that the North Portland Investment Company contracted with the plaintiff's predecessor in interest to sell to him and the latter agreed to buy the realty on which stood the destroyed building, upon his payment of certain sums of money which he agreed to pay, and that in pursuance thereof the plaintiff was in possession of the property at the time of the insur-

ance and of the fire.   It is also without dispute in the testimony that the plaintiff was not in default in his payments up to the time of the trial although the purchase price had not been fully paid.

The contract was for the sale of the fee in the land and not for any less estate such as one for life or for years.   Under such circumstances, the grantor or one who contracts to sell the property becomes the trustee of the legal title for the benefit of the grantee while the latter enjoys the real beneficial interest in the property, and upon him would fall the loss in case of destruction of its tenements.   The object of insurance is to reimburse the beneficial owner upon whom the loss would fall if the structure thereon were burned.   Keeping in view the purpose of the transaction, his estate within the meaning of the standard form of policy is to be considered as to its quality and not merely by his muniments of title.   In other words, we are not called upon in this proceeding to examine an abstract of title nor to adjudicate the ownership of the realty in an ejectment action.   We are to ascertain upon whom the loss fell in the burning of the insured property and if the plaintiff is the only one in that category he fulfills the terms of the policy on that point.   Of course, the vendor in a title bond may have an insurable interest in the subject of the contract, but it must be described in the policy in apt terms other than those of the standard form used in this instance.

It likewise appears in this case that, as an incident to the transaction, a deed from the original owner to the plaintiff's immediate grantor had been prepared and left as an escrow with a depositary to be delivered when the purchase price was fully paid.   It is contended by the defendant, and rightly, too, that an escrow does not of itself operate to pass title until it

84 Or.—19

has been regularly delivered as stipulated. That, however, is not by the mark in the present case. Whatever estate the plaintiff had, passed by operation of the contract to sell the realty in question.

The doctrine about ownership is thus laid down by Judge SANBORN in *Phenix Ins. Co.* v. *Kerr,* 129 Fed. 723 (66 L. R. A. 569, 572, 64 C. C. A. 251):

"The object of the provision in policies of insurance that they shall be void if the interests of the assured in the property is not the sole and unconditional ownership of it is to prevent gambling contracts, and to protect the companies against the claims of those who have no insurable interest in the property injured or destroyed. The purchaser of the property, who is in the possession of it under a contract whereby the former owner agrees to sell and the buyer absolutely binds himself to purchase and to pay an agreed price for the property, is almost universally held to be the unconditional owner of it under the clause under consideration, because the loss from any injury or destruction of the property falls upon him. If the owner has agreed to sell and the vendee has agreed to buy on definite terms, the purchaser is the sole and unconditional owner of the property within the true meaning of the clause upon this subject in insurance policies, because the vendor can compel the purchaser to pay for the property notwithstanding its injury or destruction, and hence to suffer the loss occasioned thereby"—citing numerous authorities.

In the same case the learned judge distinguishes this doctrine from the rule applicable where a would-be purchaser has a mere option, which he may exercise or decline to purchase the land, and points out that in the latter instance he is not the owner of the property within the purview of the clause under discussion.

Again in *Loventhal* v. *Home Ins. Co.,* 112 Ala. 110, (20 South. 419, 57 Am. St. Rep. 17, 33 L. R. A. 258), the court said:

"The term 'fee simple' has never been used to distinguish between legal and equitable estates.   It is used to denote the quantity or duration of estates, whether the enjoyment is limited or unlimited in point of continuance or duration.   It defines the largest estate in land known to the law.   It is an estate of inheritance, unlimited in duration, descendible to all the heirs alike of the owner to the remotest generations.   It may be of a legal or equitable nature.   If of the latter, the legal holder is a mere trustee for the equitable, who is the real owner, and, restrained by no provision of the trust, in cases not within the statute of uses, may at any time be compelled to execute the legal estate in him."

In *Baker* v. *State Ins. Co.*, 31 Or. 41 (48 Pac. 699, 65 Am. St. Rep. 807), Mr. Justice WOLVERTON reviews the authorities and arrives at the conclusion embodied in the syllabus, that:

"A warranty that the insured is the sole and undisputed owner of the insured property and that the title to the land is in her name, is not broken by the fact that legal title has not been conveyed to the insured, where she has gone into possession under a contract of purchase and has performed on her part all the conditions thereof to the date of application as the term 'title' is to be construed in the ordinary acceptation of the term."

The cases are practically unanimous in holding that where the insured is in possession under a partly performed contract for the purchase of the land in which the grantor covenants to sell and the grantee agrees to buy, the latter, within the terms of the standard insurance policy is the sole and unconditional owner in fee simple of the realty.   On the other hand, the grantor in such cases does not come within the descriptive words of the contract of insurance.   The following precedents verify this doctrine: *McCoy* v. *Iowa State Ins. Co.*, 107 Iowa, 80 (77 N. W. 529); *Milwaukee Me-*

*chanics' Ins. Co.* v. *B. S. Rhea & Son,* 123 Fed. 9 (60 C. C. A. 103); *Ramsey* v. *Phenix Ins. Co.,* 2 Fed. 429; *Insurance Co. of North America* v. *Erickson,* 50 Fla. 419 (111 Am. St. Rep. 121, 7 Ann. Cas. 495, 2 L. R. A. (N. S.) 512, 39 South. 495); *Clay etc. Ins. Co.* v. *Huron etc. Mfg. Co.,* 31 Mich. 346; *Rosenstock* v. *Mississippi Home Ins. Co.,* 82 Miss. 674 (35 South. 309); *Davis* v. *Pioneer Furniture Co.,* 102 Wis. 394 (78 N. W. 596); *Matthews* v. *Capital Fire Ins. Co.,* 115 Wis. 272 (91 N. W. 675); *Allen* v. *Phenix Assur Co.,* 12 Idaho, 653 (88 Pac. 245, 10 Ann. Cas. 328, 8 L. R. A. (N. S.) 903); *Arkansas Ins. Co.* v. *McManus,* 86 Ark. 115 (110 S. W. 797); *Arkansas Ins. Co.* v. *Cox,* 21 Okl. 873 (98 Pac. 552, 129 Am. St. Rep. 808, 20 L. R. A. (N. S.) 775; *McCollough* v. *Home Ins. Co.,* 155 Cal. 659 (102 Pac. 814, 18 Ann. Cas. 862); *Modlin* v. *Atlantic Fire Ins. Co.,* 151 N. C. 35 (65 S. E. 206); *Phenix Ins. Co.* v. *Hilliard,* 59 Fla. 590 (52 South. 799, 138 Am. St. Rep. 171); *Connecticut Fire Ins. Co.* v. *Colorado Leasing etc. Co.,* 50 Colo. 424 (116 Pac. 154, Ann. Cas. 1912C, 597); *Hankins* v. *Williamsburg City Fire Ins. Co.,* 96 Kan. 706 (153 Pac. 491).

With the documentary evidence before it, the court should have instructed the jury as to its legal effect and declared that the plaintiff was the sole and unconditional owner in fee of the land upon which the building stood within the meaning of the policy: Section 136, L. O. L. In support of its contention that the plaintiff was not the sole and unconditional owner in fee simple the defendant cites *Finlon* v. *National Union Fire Ins. Co.,* 65 Or. 493 (132 Pac. 712); *Oatman* v. *Bankers' Fire Relief Association,* 66 Or. 388 (133 Pac. 1183, 134 Pac. 1033); and *Howard* v. *Horticultural Fire Relief Assn.,* 77 Or. 349 (150 Pac. 270, 151 Pac. 476). These cases are not applicable to the matter in hand. The

Finlon Case was where the insured only had a lease with an option to buy the premises.   In the Oatman Case the plaintiff possessed in his own right only an undivided half of a dower interest in the realty, while the remainder of the beneficial interest was owned by several other parties including heirs of the former owner of the property.   The report of the Howard Case discloses that one of the plaintiffs in fact held merely as a trustee having purchased the title with funds of an estate and for its benefit, although he took out insurance in his own name.

The defendant complains of instructions leaving to the jury the question about the ownership.   Although the court ought to have taken this question from them on the documentary evidence involved, yet the error in that aspect is favorable to the defendant and it cannot complain.   Reverting to the pleadings, we note that the reply avers for the first time in the history of the case that the defendant waived the defenses it sets up.   It is a rule of pleading in this state that where the plaintiff relies upon a contract he must show full performance on his part or else some valid excuse, as an example of which latter waiver may be classed, and that all this must appear in his complaint.   In other words, the plaintiff must state his whole cause of action and all the grounds thereof in his first pleading.   He cannot aver there that he has fully complied with the contract and, when charged by the answer with shortcomings in that respect, shift his ground in his reply and show that the omissions stated by the defendant were waived by it thus excusing the plaintiff from performance: *Cranston* v. *West Coast Life Ins. Co.,* 63 Or. 427 (128 Pac. 427) ; *Squires* v. *Modern Brotherhood,* 68 Or. 336 (135 Pac. 774) ; *Decker* v. *Jordan,* 79 Or. 109 (154 Pac. 431).

Error is predicated upon the court's giving this instruction, among others:

"You are further instructed if you find that at the time this policy was issued on the building that this building was not used for dwelling-house purposes, and was not used as a dwelling-house in the common acceptation of that term, I instruct you that the plaintiff cannot recover in this case, and your verdict must be for the defendant, unless the company knowing of the facts, went ahead and issued the insurance."

The latter clause about the company acting with knowledge of the facts is referable to the doctrine of waiver and was erroneous because that issue was not properly pleaded so as to be a matter for consideration. Conceding that the statement in the third affirmative defense was invalid, yet, even then the giving of the instruction above quoted would be abstract and would work out a reversal under the doctrine of *Tonseth* v. *Portland Ry., L. & P. Co.*, 70 Or. 341 (141 Pac. 868).

The defendant complains of some of the instructions given by the court relating to fraud and misrepresentation. It has no sufficient foundation in its pleading, however, to uphold its contention against that class of directions to the jury. In *Anderson* v. *Adams*, 43 Or. 621, 637 (74 Pac. 215), Mr. Chief Justice MOORE succinctly lays down the rule affecting the pleading of fraud thus:

"To constitute a fraud by false representations, so as to entitle the plaintiff to relief, three things must concur: (1) There must be a knowingly false representation; (2) the plaintiff must have believed it to be true, relied thereon, and have been deceived thereby; and (3) that such representation was of matter relating to the contract about which the representation was made, which, if true, would have been to plaintiff's ad-

vantage, but, being false, caused him damage and injury''—citing authorities.

This rule has been followed in many other sub-sequent cases, for instance, in *Wheelwright* v. *Vander-built,* 69 Or. 326 (138 Pac. 857); and in *Outcault Advertising Co.* v. *Buell,* 71 Or. 52 (141 Pac. 1020). The first affirmative defense falls far short of complying with this standard. It does not show that the defendant believed the representations or that it relied upon them; and, moreover, it does not disclose wherein it was damaged by the alleged fraud, or how its risk was increased thereby. It is true it states that the building insured was known as ''The Hut'' which the defendant had previously refused to insure, and that in order to obtain the policy the plaintiff represented that it was not ''The Hut'' but a dwelling situated on Willamette Heights. The name of a structure does not necessarily make it uninsurable or a more dangerous risk. There is nothing in the boards, or beams or bricks of a house by whatever name called that *per se* makes it an undesirable risk. In short, matter showing the materiality of the representations should be averred so as to enable the court to draw a conclusion that the representations were fraudulent. On this point the error was in submitting the questions of fraud to the jury at all. All the challenged instructions, however, contain the element of waiver which as we have shown was not properly in the case and, whether abstract, or in fact faulty, the error thus committed is sufficient to reverse the case. The cause is therefore remanded to the Circuit Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.