## L. BOIRE AND ADILE BOIRE, RESPONDENTS, v. CHAS. McGINN AND ANNIE McGINN, APPELLANTS.

PARTNERSHIP BUSINESS, PROFITS OF, HOW DETERMINED.—A referee appointed to ascertain and state an account between partners should ascertain what the real and actual profits were, and not what they ought or might have been.

IDEM—EXPERT TESTIMONY NOT ADMISSIBLE.—Where the books of a partnership fail to show the true state of its business, resort may be had to a calculation of the profits from the amount of merchandise proven to have been sold by said firm at the rate per cent. profit proven to have been made on said merchandise in that particular business, but not to expert testimony of witnesses engaged in a similar business, to prove that profit was made by this firm in their business, for the purpose of charging one of the partners therewith.

IDEM—ENTRIES IN PARTNERSHIP BOOKS, EFFECT OF.—In stating the accounts of partners, as between themselves, the rule is that the entries on the partnership books, to which both partners have had access at the time when those entries were made, or immediately afterwards, are to be taken as *prima facie* evidence of the correctness of those entries; subject, however, to the right of either party to show a mistake or error in the charge or credit.

APPEAL from Multnomah County. The facts are stated in the opinion.

*H. B. Nicholas,* for appellants.

*W. H. Effinger and J. R. Stoddard,* for respondents.

By the Court, PRIM, J.:

This is a suit in equity to dissolve a partnership and settle up its business. It appears that on April 9, 1877, the plaintiff L. Boire and Charles McGinn formed a partnership for the purpose of carrying on the bakery and retail grocery business in the city of Portland. That at the commencement of said business its capital stock consisted of machinery and utensils for carrying on said business, and a small stock of groceries estimated at five hundred dollars; amounting in all to two thousand four hundred dollars, and that each owned one half interest therein. That afterwards, on May, 1877, they purchased a house and lease of lot from one Winter for one thousand and fifty dollars, into which

they then moved and continued to carry on their said business until the thirteenth day of June, 1877. At the date last mentioned, defendant McGinn owning an individual debt to some one, and fearing that proceedings would be taken against him to collect the same, a pretended dissolution was entered into, which arrangement proved to be void and of no effect. The case was referred to O. P. Mason, Esq., to take the testimony and state the account between the parties, and report the same to the court.

The referee having taken the testimony, among others, reported the following findings of fact and conclusions of law:

"6. That from June 13 to December 14, following, Boire had the exclusive control of the entire business, the purchase of merchandise, the payment of debts, the handling of all cash, and the keeping of the books, and that most of the time McGinn was not about the place of business at all, but sick; that during that time, the upper story of the building was rented and Boire received the rent therefor. 7. That the books of the concern are incomplete, imperfectly kept, and do not show a full history of the businesss during said period; do not show the amount of merchandise sold, the amount of cash sales, nor the amount of profit and loss, nor the correct account of the individual partners. 10. That nine tenths of the sales were baked stuffs and one tenth groceries and other merchandise; that the gross profit on baked stuffs averaged one hundred per cent., and on groceries and other merchandise, twenty-five per cent.; that after making deductions for what was used in their families, the profits on all sales averaged seventy-five per cent., and that such profits would be five thousand eight hundred and seventy dollars and thirty-two cents, from which expenses and losses are to be deducted."

The seventeenth finding charged "Boire with eight months' rent of up stairs, and McGinn fifteen months, at twenty dollars—which, added to the profits named in the tenth finding, makes a total of six thousand three hundred and thirty dollars and thirty-two cents; and after deducting loss and expense, leaves a net profit of two thousand five

hundred and eighty-nine dollars and fifty-seven cents to be divided between the two parties. 18. That while the said business was paying a profit, Boire having the management and control, allowed an indebtedness of six hundred and forty-one dollars and ninety-six cents to accumulate, and McGinn is entitled to receive one half of that sum from Boire."

As conclusions of law: That "1. Where the books of a firm do not show the true state of the business, resort may be had to a calculation of the profits from the amount of merchandise sold, at the per cent. of profit proved in such business to be made on such merchandise. 2. Where one partner has full charge of the business, control of the cash and books, and buying and selling, and his books are kept so imperfectly and incorrect that an accounting can not be had therefrom, he is charged with the amount of profits proved to have been made on such business generally, and his books are to be taken in evidence only so far as they prove themselves to be correct. 3. The presumption of law is, that the books contain a full history of the business; but when it has been proven or admitted that the books are incomplete and incorrect, resort may be had to the next best evidence for an adjustment of accounts between the partners; and that books may be aided, explained, or impeached by other evidence. 4. The burden of proof is on the plaintiff; and when a certain amount of profits has been proved, he is charged therewith, unless he can show that the expense and losses have equaled the profits. It is not sufficient for him to say that there have been losses; it devolves on him to show the losses, and how and where they are."

The above findings, together with some others not herein set out, having been excepted to, were set aside by the court upon the final hearing of the cause, as being against the evidence and law applicable to the case.

The court then finds and holds that said parties were partners in said business, from the organization of said partnership up to the present time, and that the books were kept by the firm, or by its employes, and under the inspec-

tion of both parties; also that a computation of profits in said business, based upon the percentage usually realized in such business by other parties, and upon the amount of flour used each day, the number of bucketfuls of water used in mixing it, the aggregate number of loaves produced and the profits made on each, is unsafe; and that since the books of the partnership kept by the employes, under the inspection of both parties, do not show any profits, the court will not presume any more made over and above what the partners drew, and what remains in uncollected bills, in which both parties are entitled to share alike; and since said books do not charge Boire with having received any profits, a court of equity will not so charge him, unless satisfactorily shown by sufficient evidence, and it will not be sufficient to show that the business ought to have been profitable, and conclude from that fact that it was profitable, and that Boire got the profits, or that McGinn took, by the same reasoning, profits while he held exclusive possession; nor will it be sufficient to compute the net profits from the amount and cost of material, labor, etc., used, and the price for which it sold when manufactured; nor can McGinn be construed to be so far absent from said business as to hold Boire liable as a trustee.   Also, that said matters in relation to the renting of rooms and indebtedness, were partnership matters, and should be treated as such.

These conclusions and findings of fact and law by the court, in our opinion, are correct, and are supported by the evidence produced in the case and the law applicable thereto.   It was the duty of the referee to ascertain and report what the real and actual profits of this partnership were, and not what they ought or might have been.

It appears that both parties were in Portland all the time when the business was carried on, and were not deprived of the opportunity of looking into the books whenever they desired to do so; consequently, one can not be held to be the special agent and trustee of the other, so as to charge him with profits, whether any were realized or not.

Where the books of a partnership fail to show the true state of its business, while resort may be had to a calcula-

tion of the profits from the amount of merchandise proven to have been sold by said firm at the rate of   per cent. profit proven to have been made on said merchandise in that particular business, resort can not be had to *expert* testimony of witnesses engaged in a similar business, to prove what profit was made by this firm in their business, for the purpose of charging one of the partners therewith, in a settlement of their accounts.   "In stating the accounts of partners, as between themselves, the rule is that the entries on the partnership books, to which both partners have had access at the time when those entries were made, or immediately afterwards, are to be taken as *prima facie* evidence of the correctness of those entries, subject, however, to the right of either party to show a mistake or error in the charge or credit." (*Heart* v. *Corning*, 3 Paige's Ch. 566.)

The decree of the court below is affirmed.