[Filed November 18, 1886.]

\* J. M. BLOOMFIELD *v.* W. J. & I. BUCHANAN AND J. M. LEAVENS.

PARTNERSHIP — ACCOUNTING — LIABILITY TO COPARTNER.— In ordinary accounting between partners, they are liable to each other severally, but not jointly.   But where, soon after the formation of the partnership, one of the partners is excluded from all participation in or knowledge of the business, and from all share of the profits, and under such circumstances as to show a purpose and concert of action among the other partners to accomplish this end, the latter are liable jointly and severally to the partner so excluded.

\* See 13 Or. 108.

SAME—FORMER DECREE—LAW OF THE CASE.—Where, in a suit for an account-
ing, after a decree in this court declaring a partnership, and directing that
the partners account severally, the cause is remanded for the taking of
additional evidence, and upon a second appeal to this court additional
facts appear, requiring the application of a different rule of law from that
applied on the former appeal, this court must apply the law to the new
facts as they appear. The law of the case does not apply to the facts, but
only to the law.

MULTNOMAH COUNTY.    Defendants appeal.    Affirmed.

*Strong & Strong,* and *Shattuck & McKee,* for Appellants.

*C. E. S. Wood* and *N. H. Bloomfield,* for Respondent.

STRAHAN, J.    This is the second appeal in this cause.
The opinion of this court on the former appeal is reported in 13
Or. 108.    It was then found that a partnership existed be-
tween plaintiff and defendants, as alleged in the complaint,
and that the plaintiff, then the appellant, was entitled to an
account, and to one-fourth of all the profits arising upon the
contracts described in the complaint ; and the cause was re-
manded, that an accounting might be had.    For a fuller state-
ment of the facts, see the former opinion of this court.    That
accounting has been had, upon which the court below rendered
a joint and several decree against the defendants, and in favor
of the plaintiff, for his share of the profits arising from the
business of said copartnership, from which decree the defend-
ants have appealed.

No question is made in this court as to the correctness of
the accounting, or as to the amount of profits received upon
the three contracts mentioned in the complaint.    The only
question presented for our consideration is as to the form of
the decree—that is, whether the decree ought to be rendered
against each defendant separately for one-fourth of the profits
he received upon the contract in his name, or whether it ought,
under the particular facts and circumstances developed in the
evidence, to be against the defendants jointly and severally for
one-fourth of all profits received upon the three contracts.

In an ordinary accounting between partners, where neither is

guilty of such acts, omissions or concealments as involve a breach of legal or equitable duty, trust or confidence justly reposed, and which are injurious to another, or by which an undue or unconscientious advantage is taken of another, the rule of liability is as contended by appellants' counsel. In such case partners are liable to account to each other severally, but not jointly. Each of them is to account to every other for himself, and not for his copartner. (*Portsmouth* v. *Donaldson et al.*, 32 Pa. St. 202.)

But an examination of the evidence in this case has satisfied us that the rule could not properly be applied here. Whatever may be the general relations between parties, the facts developed in this case made it fiduciary, and the principles of law applicable to that relation must be applied. (2 Pomeroy, Eq. Juris., Secs. 963, 1050, 1052, 1079, 1081; 1 Collyer, Part., Sec. 131; *Brooks* v. *Martin*, 2 Wall. 70; *Boire* v. *McGinn*, 8 Or. 466; 2 Perry, Trusts, Sec. 484; 1 Perry, Trusts, 501, Sec. 166; Kerr, Fraud, 366; *Farnam* v. *Brooks*, 9 Pick. 218.)

Soon after the formation of this partnership the plaintiff was excluded from all participation in the business, and from all knowledge of the books or accounts, and from all share in the profits. The business was conducted by his copartners without consulting him, or recognizing his interest in any manner whatever. They so effectually excluded him that he was an entire stranger to all of their transactions. This could not have happened as it did by accident. It required purpose and concert of action on the part of the defendants to accomplish it. Besides, the defendants kept no regular books of account showing the transactions of the partnership, and rely mainly upon memory, and the books of John M. Leavens & Co.; and some memoranda that were made under the direction of some of the defendants from time to time. (2 Perry on Trusts, Sec. 821.) In addition to these facts, the conduct of the defendants toward the plaintiff in relation to the partnership business was not characterized by that perfect good faith and frankness which their relations toward him required. An attentive and careful perusal of the evidence in this case leads us irresistibly to these

conclusions. We therefore hold that the defendants are jointly and severally liable to the plaintiff for his share of the profits of the partnership, and that there is no error in the decree in that particular.

The case falls within the rule fixing the joint liability of co-trustees for a breach of duty. (2 Perry on Trusts, Sec. 848; 2 Pomeroy's Eq. Juris., Sec. 1081.)

But it is argued by counsel for appellants that the decree is erroneous, for the reason that this court directed upon the former trial here that the defendants be held liable severally for the amount of profits received by each of them respectively. That ruling was correct upon the facts as they then appeared; but it has no application to another and entirely different state of facts developed upon the accounting. The *law of the case* does not apply to the facts, but only to the law. Therefore when new and different facts are presented, requiring the application of a different rule of law from that applied on the former appeal, the court must apply the law to the new facts as they appear. (*Mitchell* v. *Davis*, 23 Cal. 381.) It follows that the decree must be affirmed, and it is so ordered.