[Filed April 26, 1892.]

## E. C. KANE v. CHARLES G. RIPPEY ET AL.

SECOND APPEAL — FORMER OPINION — LAW OF THE CASE.— On a second appeal, the opinion of the court in the former appeal, so far as the same facts appear, becomes the law of the case and controls courts and parties in every subsequent step in the cause.

EVIDENCE — CONTRACT FOR SALE OF LAND — ABSTRACT.— In an action on a contract for the sale of land, whereby the defendant agreed to convey a fee simple title and to furnish an abstract showing such title, the abstract tendered by the defendant may be admitted in evidence, not as proof of the title to the land, but as tending to show a breach or performance of the condition of the contract requiring an abstract.

PRACTICE — FINDINGS OF FACT — LEGAL CONCLUSIONS.— Findings of fact which merely announce certain legal conclusions deducible from facts not stated, are not sufficient to support a judgment.

Jackson county: L. R. WEBSTER, Judge.

Plaintiff appeals. Reversed.

This is the second appeal in this cause. On the first, the opinion of the court is reported *ante*, 296, to which reference is made for a statement of the pleadings. The cause was re-tried in the court below without a jury and again resulted in a judgment for the defendants, from which

this appeal was taken. Upon the second trial, the court found the facts as follows:

"On the seventeenth day of April, 1889, the defendants were the owners of certain land near Central Point, Oregon, which they had purchased from John Watson and Phœbe H. Watson, and on which said Watson had a mortgage of fifteen thousand dollars; that the defendants were anxious to sell said land, or a portion of it, to pay said mortgage debt and stop interest; that on said April 17th, defendants entered into an agreement with the plaintiff for the sale of two hundred and fifty acres of said land for ten thousand dollars, which agreement was reduced to writing and attached to the complaint in this action; that the plaintiff paid to the defendants the sum of five hundred dollars mentioned in the agreement on the same day the agreement was made; that within a few days thereafter, the defendant had the two hundred and fifty acres of land mentioned in the agreement, surveyed, and employed J. H. Whitman to make an abstract of title for the plaintiff; and as soon as the abstract was finished, they delivered it to the plaintiff or his attorney; that after some controversy had arisen between said parties in reference to the growing crop, the plaintiff refused to accept the land or to complete the payments, alleging as a reason for such refusal that the title was not good; that on the twenty-ninth day of April, 1889, the defendants with their wives executed a deed of the said two hundred and fifty acres of land with covenants of warranty in due form; and in two or three days after the execution thereof, they tendered the deed to the plaintiff and requested him to accept the land and pay for the same according to said agreement; but plaintiff refused to do so, stating that he could not accept the deed until they made the title good, and he has refused ever since to accept the property or pay for it; that there is a chain of conveyances for said land from the government down to the defendants, and the title

is good; that the abstract furnished by defendants to plaintiff does not show any legal defects or incumbrances, and there are none in fact. The court therefore finds as a conclusion of law that the plaintiff is not entitled to recover in this action, but that defendants are entitled to recover costs. It is, therefore, considered and adjudged that the defendants do have and recover from plaintiff their costs and disbursements in this action."

*H. K. Hanna,* for Appellant.

*Wm. M. Colvig,* for Respondent.

STRAHAN, C. J.—Upon a second appeal, the opinion of the court upon the former appeal, so far as the same facts appear, becomes the law of the case and governs and controls the parties and the court in every subsequent step in the cause. (*Powell* v. *D. S. & G. R. R. Co.* 14 Or. 22; *Bloomfield* v. *Buchanan,* 14 Or. 181; *Budd* v. *Multnomah St. Ry. Co.* 15 Or. 404; *Thompson* v. *Hawley,* 16 Or. 251.) When this case was formerly before us, the court, per LORD, J., said: "The plaintiff was not endeavoring to show that the abstract conveyed title, but that the abstract of such title furnished the plaintiff by the defendants did not exhibit the good title free from incumbrances that the defendants had agreed to convey. His position, in substance and effect, was that the defendants had agreed by their contract to assure him a good title, and to furnish him an abstract thereof from which its validity and marketable quality might be ascertained and determined; but that the abstract furnished him by them for that purpose, and which the plaintiff offered in evidence, and the court rejected, showed that the title was defective, or not such as would be in accordance with the terms of such contract." Further on, in commenting on the contract, the court observes: "The object of the abstract is plain. It is to enable the purchaser or his counsel to pass readily on the validity of the title." Finally the court placed a construction upon the

contract, then as now before the court, as follows: "In the case at bar, the contract is written, and the defendants agree to convey a good title free from all incumbrances whatsoever, and to furnish an abstract of such title. What was the object of this abstract? Plainly to enable the plaintiff and his counsel to determine readily on the sufficiency of the title agreed to be conveyed by the contract— in a word, an abstract which would disclose such evidence of title as would show the title free from all incumbrances whatsoever, and defeat any action to recover the land. * * * When, therefore, the abstract was offered in evidence, it was not for the purpose of proving title by the abstract, but of showing that the abstract furnished did not disclose evidence of such title as the defendants had agreed to convey." Words could not be plainer. The defendants had agreed to convey a fee simple title, and to furnish an abstract showing such title. This is the construction placed upon the contract on the former appeal, and cannot now be departed from. In such case the furnishing of such abstract is a condition precedent, and, to bind the other party, must be complied with. (1 Warvelle, Vend. 292.)

The seventh finding recites that the title is good, and the eighth, that the abstract furnished to plaintiff does not show any legal defects or incumbrances, and there are none in fact. These are not findings of fact but naked legal conclusions. The court cannot deduce from them any legal consequences, because they are in themselves legal conclusions. What deeds there are in the chain of title, and their form and manner of execution, are questions of fact; whether or not they vest in the defendants a good title, is a question of law. So, what was contained in the abstract, is a question of fact; whether those facts showed any legal defects or incumbrances, are questions of law. These principles are so elementary that they need no citation of authorities to fortify them. From the record before

us it is impossible to determine on what legal theory the court below proceeded in the trial; but it is manifest that proper attention was not given to the former opinion of this court in this cause.

For that reason, and because the findings of fact are entirely defective and insufficient to justify the judgment rendered, the same must be reversed and the cause remanded for a new trial.