WILLIAM H. BROWNE *vs.* RHODE ISLAND MORTGAGE & TRUST COMPANY.

PROVIDENCE—JANUARY 30, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Collateral Security.    Pledge.    Common Fund.    Consent Required.*

A. purchased from B. notes of the T. Company which contained a stipulation that certain tax sale certificates were deposited with B. as collateral security for the payment thereof; the notes were defaulted when due, and B. refused to comply with the demand of A. for the delivery or sale of said securities for his protection, alleging that they were part of a common fund of like securities held as collateral for the above and other notes, and that delivery or sale thereof could not be made without consent of all the holders of notes so represented. On a bill by A. to obtain his securities or their equivalent :—

*Held*, that said stipulation called for the deposit and pledge of special certificates for each note, and that respondent, undertaking to take charge of these securities, was bound to keep them separate from all securities for other notes unless A. and the holders of the other notes consented to mingle all said securities in a common fund.

BILL IN EQUITY for delivery of certain tax certificates, or their equivalent, held as collateral security for payment of notes purchased by complainant and defaulted at maturity. Heard on bill, answer, and proofs.

(1)    PER CURIAM.    Each of the notes of the Topeka Commercial Security Company, purchased by the complainant of the respondent, contained a clause to the effect that the maker of the note deposited or pledged as collateral security for its payment certain tax sale certificates deposited with the respondent, amounting, principal and interest, to the principal of the note and ten per cent. in addition, and giving the holder full power and authority to sell or collect, at the expense of the maker of the note, all or any portion of the certificates, either in Topeka or elsewhere, at public or private sale, at his option, on non-performance of the promise contained in the note, at any time thereafter, without advertising or otherwise giving notice to the maker of the note, and also giving power to the holder to purchase at the sale without being liable to account for more than the net proceeds of the sale.    Tax sale certificates were placed in the possession of the respondent to the amount called for by each and all of the notes so purchased by the complainant.    Default was made in the payment of all these notes when due.    The complainant thereupon demanded from the respondent the collateral security belonging to him as the holder of the notes, which had been left with the respondent; but the respondent did not comply with this demand and refused to sell the collateral at the request of the complainant, alleging that it was part of a common fund of similar certificates which included the collateral for other notes of the same series besides those purchased by the complainant, and that the respondent could not sell without the consent of all the holders of notes whose collateral was contained in the fund.

We think that the clause in the complainant's notes called for the deposit and pledge of specific tax sale certificates for each of the notes, which, or the proceeds of which, were required to be set apart and held for the payment of such note,

and that the respondent, when it undertook to take charge of these securities, was bound to keep them separate and apart from all securities for other notes, unless it had the consent of the complainant and of the holders of other notes to mingle them in a common fund.    We do not think that the evidence shows that the complainant had knowledge, even, much less that he assented, that the respondent should put the tax sale certificates pledged as security for the notes held by him into a common fund with others, and hence this defence to the bill fails.    We think the complainant is entitled to relief.

*Nathan W. Littlefield*, for complainant.
*Dexter B. Potter*, for respondent.