Argued September 24, reversed October 13, rehearing denied December 14, 1915.

## RUGENSTEIN *v.* OTTENHEIMER.

### (152 Pac. 215.)

**Appeal and Error—Change of Venue—Bias of Judge.**

1. Where before the trial of a cause the judge makes statements amounting to a prejudgment of the case in favor of the plaintiff, the defendant is entitled to a change of venue, and for the error in refusing to grant the change, the judgment will be reversed on appeal, though the record fails to disclose any prejudice in the trial.

**Venue—Motion for Change of Venue—Absence of Counter-affidavits—Effect.**

2. In the absence of counter-affidavits, the contents of the affidavits filed in support of a motion for a change of venue must be taken by the court on appeal as admitted.

**Damages—Instruction—Assessment of Damages.**

3. In an action for damages for personal injuries, it is error to instruct that the jury may award such damages as they think plaintiff is entitled to recover; the correct rule of recovery being such an amount, if anything, as is established by a preponderance of the evidence.

**Appeal and Error—Former Decision as Law of the Case.**

4. The law as enunciated by the court on appeal as applicable to a given case remains the law of that case for all future proceedings.

[As to what is final judgment where judgment of trial court is reversed on appeal, but is subsequently affirmed, see note in Ann. Cas. 1913C, 250.]

From Multnomah: Henry E. McGinn, Judge.

In Banc.    Statement by Mr. Justice Benson.

This is an action by Albertine H. Rugenstein against Henry J. Ottenheimer, for personal injuries arising from the fact of plaintiff having been struck by defendant's automobile while walking across Washington Street, in the City of Portland. The case has been tried three times. Upon the first trial the jury was discharged for failure to agree. The second trial resulted in a verdict for plaintiff, from which an appeal to this court was taken, wherein the judgment of the

trial court was reversed and the cause remanded for a new trial. The cause was again tried, and from a judgment for plaintiff, defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Bauer & Greene* and *Mr. A. H. McCurtain,* with oral argument by *Mr. Thomas G. Greene* and *Mr. McCurtain.*

For respondent there was a brief over the names of *Mr. Guy C. H. Corliss* and *Mr. Roscoe F. Hunt,* with an oral argument by *Mr. Corliss.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Defendant's first assignment of error relates to the court's refusal to grant a change of venue based upon the prejudice of the trial judge. The motion for a change of venue was supported by the affidavits of A. H. McCurtain and A. F. Flegal, Jr. From their affidavits it appears that after the decision by this court of the former appeal and prior to the latest trial the judge, speaking of this case, among other remarks, used substantially the following language:

"This case may be tried again, and it will be tried before me. I will see to that. And I will see that the woman gets another verdict and judgment that will stand."

And further:

"The woman got bumped, and now you have bumped her again. But I'll see that the next time this case is tried somebody else will be bumped."

2. There were no counter-affidavits filed, and we must take the contents of these affidavits as admitted.

It needs no argument to convince an impartial person that the trial judge had prejudged the issues of this cause, and that he ought not, in the face of the record, to have undertaken the trial thereof. As is said in the case of *State ex rel.* v. *Board of Education,* 19 Wash. 8 (52 Pac. 317, 67 Am. St. Rep. 706, 40 L. R. A. 317):

"To compel a litigant to submit to a judge who has already confessedly prejudged him, and who is candid enough to announce his decision in advance, and insists that he will adhere to it, no matter what the evidence may be, would be so farcical and manifestly wrong that it seems to us that the idea must necessarily be excluded by the very expression 'administration of justice.'"

It is true, as suggested by counsel for respondent, that a careful examination of the record fails to disclose any indication of bias or prejudice in the subsequent trial, but we approve what is said in the case of *Massie* v. *Commonwealth,* 93 Ky. 588 (20 S. W. 704):

"But, it is said, the record, so far as the judge's rulings are concerned, indicates no hostility or prejudice against the appellant. But that is not the question; for the accused has the right to be tried by a judge that is fair and impartial, and when he has good reason to believe, supported by facts, that he will not afford him such trial, he should not be compelled to take chances of a trial before that judge in order that the truth of the matter may be developed, * * * because there are many ways that a partial or prejudiced judge may knife a party that he is trying without it appearing from the record or without his being able to ascertain the fact. So, when the fact is made to appear by proper affidavits, the judge should then vacate, and it is a reversible error if he does not."

3. The other assignments of error relate to the following instruction given by the court:

"And now, gentlemen, if you should come to the conclusion that the plaintiff in this case is entitled to damage, she is entitled to such a sum at your hands as will reasonably compensate her for any pain of a physical kind which she may have endured and for any mental disquiet which may have come to her as a result of those physical injuries. If you think that she will still continue in the future to endure pain of a physical kind, or mental disquiet, by reason of the injury which she has received, you are entitled to take these matters into consideration, and [if] you should be of the opinion that she has been permanently injured, you may also take that into consideration, and award her such a sum of money for the pain, for the suffering, physical and mental, past and future, as you think she is entitled to recover."

Defendant contends that this instruction is erroneous for several reasons. We shall consider but one.

4. Upon the former appeal in this case, *Rugenstein v. Ottenheimer,* 70 Or. 600 (140 Pac. 747), this court, speaking through Mr. Justice Burnett, says:

"The amount of damages, like other elements of a personal injury case, is a fact to be established by the testimony. The determination of that question is not to be left to mere surmise or speculation. The verdict on that point should be the result of a careful consideration and comparison of all the evidence in the case. Instead of permitting them to give what they thought, the court should have told the jury to allow for damages, if anything, the amount established by a preponderance of the evidence.

This, of course, became the law of the case for all future proceedings, and, since the instruction quoted disregards this principle, it is error.

The judgment of the lower court is reversed and the cause remanded, with directions to assign the cause

for trial to some other department of the Circuit Court
for Multnomah County.      REVERSED AND REMANDED.

MR. JUSTICE EAKIN did not sit.

MR. JUSTICE BEAN delivered the following dissenting
opinion.

I think the instructions to the jury, taken as a whole,
are correct.   This is the second appeal of the case, and
it should be affirmed under the provisions of Article
VII, Section 3, of the Constitution, which was enacted
by the people for the purpose of preventing numerous
appeals in a case.