Submitted on briefs January 1, affirmed January 18, 1916.

## DECKER *v.* JORDAN.*

(154 Pac. 431.)

**Vendor and Purchaser—Construction of Contract to Sell and Purchase.**

1. A contract for the sale and purchase of land, providing for the payment of purchase price on the installment plan, and requiring the vendors to deposit in escrow their warranty deed with an abstract of title to the property conveyed, showing a good title thereto, upon the purchaser making the first payment after execution of contract, *held* that the vendors were bound to furnish such abstract showing clear title in themselves, prior to the maturity of any deferred payments, notwithstanding time was not specially made the essence of such agreement.

　　[As to time as essence of contract, see note in 104 Am. St. Rep. 266.]

**Pleading—Departure in Reply from Primary Pleading.**

2. To enable one to enforce an executory contract for the sale of real property he must allege and prove full performance of the things to be done by him or a waiver thereof by the other party, and it is not sufficient to allege in his primary pleading a general performance, and, when such allegation is denied by the answer, to set up a waiver in his reply.

**Vendor and Purchaser—Where Neither Performs Neither can Enforce or Rescind Contract.**

3. By the terms of a contract for the sale and purchase of land the purchasers agreed to make payments on the installment plan, and in case of default in payments would work a forfeiture, and vendors were required to deposit in escrow a warranty deed and abstract showing good title, for benefit of purchasers, the two obligations are correlative, and where neither party performs, neither is entitled to enforce the contract or rescind the same.

From Josephine: FRANK M. CALKINS, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

This is a suit by Frank W. Decker and Louise J. Decker, against Clifford L. Jordan, Julia E. Jordan, John A Dale, Kate Dale and W. C. Finke, to foreclose an executory contract for the sale of land. It was admitted that on May 21, 1910, plaintiffs and the de-

---

*On necessity of perfecting title before time for performance in order to hold vendee, see note in 3 L. R. A. (N. S.) 103.

REPORTER.

fendant Clifford L. Jordan covenanted with each other in writing, whereby the former agreed to sell to the latter certain real estate in Josephine County for $10,000, $1,000 of which was paid at the execution of the agreement leaving $5,000 to be paid by June 15, 1910, and the remaining $4,000 in equal annual installments beginning November 15, 1911, with interest at 7 per cent per annum, payable annually. It was stipulated that upon the payment of $5,000 as stated, Jordan should be allowed to take possession of the property, and that he should thereafter pay all taxes of every kind upon the premises and keep the same clear of liens on his own account. The contract contains the usual stipulation to the effect that in case of default in making any payment the seller may re-enter and take possession of the estate, the second party waiving notice to quit, and that in such event a forfeiture in favor of the other party shall result as to all sums paid upon the purchase price, the same to be considered as rental for the use and occupation of the premises. The agreement also contains this clause:

"It is further agreed and understood between the parties hereto that upon the second party making the payment of $5,000 within the time and manner herein provided, that thereupon first parties shall execute their warranty deed of the lands herein described conveying said premises unto second party and Julia E. Jordan, his wife, which deed shall be placed in the First National Bank of Grants Pass, together with an abstract of title to all of said property showing a good title thereto, which deed and abstract shall be held in said bank in escrow, and said bank shall deliver same to second party or order upon payment of the purchase price for said property at the time and in the manner herein provided, but in case of default in any of said payments then said bank shall return said deed and abstract unto parties of the first part or order."

It is stated that the plaintiffs have fully complied with all the terms and conditions of their contract to be kept and performed by them. They aver that the defendants Dale, husband and wife, claim some interest in the property through the defendants Jordan, but that the same is subject to the title of the plaintiffs and terms and conditions of the contract. They also assert that after the Dales took possession, a valuable barn on the premises burned, and the insurance on the same was collected by them; and that a large amount of personal property on the tract at the time of making the contract, and which was included in the purchase, has been disposed of and the proceeds retained by the defendants or some of them. Alleging a demand for the possession of the land and a refusal thereof, the plaintiffs pray for a decree adjusting the rights of the parties; for a sale of the premises to satisfy a decree for the remainder of the purchase price; for a receiver; and for an injunction against the defendants interfering with the property.

All the defendants answered, the Dales in one, and the Jordans in another. The admissions and denials in both answers are substantially the same, but are not intelligible on the printed abstract because they refer to certain paragraphs of the complaint by numbers, and no numbers appear there as the paper is set out in the printed abstract. The answer also alludes, in denial, to words in certain lines of the complaint evidently referring to the typewritten or manuscript copy of the original, and hence gives no information on the printed abstract. The Dales claim by assignment from the Jordans to Mrs. Dale, and assert that the plaintiffs have neglected and refused to deliver an abstract of title to the property although frequently requested to do so, and that they are not the owners

in fee simple of the lands in question. Various other statements are made in the answer about what the Dales are willing to do, and they claim to have fully complied with all the terms of the contract, except making the payment due November 15, 1911. No actual tender of that or any other installment is alleged in the answer.

The reply denies most of the answer of the Dales, and recites some transactions occurring after the execution of the contract, and the payment of the $5,000 whereby the title of the plaintiffs was perfected, and rehearses certain conduct of the defendant John A. Dale as agent for his wife, which the plaintiffs claim amounts to a waiver of the condition requiring an abstract. After a hearing the Circuit Court made findings of fact and conclusions of law to the general effect that neither party had complied with the terms of the contract so that the plaintiffs might be entitled to foreclose or the defendants to rescind, and rendered a decree dismissing the cause without prejudice to either party and without costs in favor of either of them. Both parties appeal.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi). AFFIRMED.

*Mr. William C. Hale* submitted a brief for the plaintiffs.

*Mr. O. S. Blanchard* filed a brief in favor of the defendants.

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The testimony clearly shows that when the $5,000 payment was made on June 15, 1910, the plaintiffs did

not have a marketable title to the property, and in addition thereto, the same was encumbered by an unpaid mortgage, and that although they deposited their deed in the bank, as required by the contract, with an abstract, yet the latter document did not show at that time a merchantable title in the plaintiffs. The agreement does not specify that time is considered by the parties as of the essence thereof, though it is manifest from a fair consideration of its terms that plaintiffs were bound to furnish with their deed an abstract showing clear title in themselves prior to the maturity of any deferred payment. Supplying this document was as much one of the conditions of the covenant as furnishing the deed itself. This is the doctrine taught by *Kane* v. *Rippey*, 22 Or. 296 (23 Pac. 180); Id., 22 Or. 299 (29 Pac. 1005). It is not that an abstract is necessary to prove title, but the furnishing of one is a term of the contract to be observed the same as any other stipulation thereof.

2. It is common learning that before anyone can enforce an executory contract he must himself first plead and prove that he has fully accomplished the things to be performed by him or a waiver thereof on the part of the other contracting party. All this must appear in his complaint. It is not sufficient for him to allege in his primary pleading a general performance, and when this is disputed by the answer to return in his reply and allege a waiver: *Cranston* v. *West Coast Life Ins. Co.*, 63 Or. 427 (128 Pac. 427.).

3. The defendants, operating as the other contracting parties, are subject to the same rule, and before they can claim relief they themselves must show full performance, a valid offer to perform met by a refusal by the opposite party, or a waiver. Neither of the litigants, although pleading the same, has been able

79 Or.—8

to prove that he has conformed to this rule of law. The testimony shows plainly that the plaintiffs did not have marketable title when the $5,000 payment was made; that they did not deposit an abstract at the time showing title in themselves; and that it was not until after the suit was commenced that they pretended to furnish such an instrument. On the other hand, as already stated, the defendants have not proven performance of or any valid offer to perform the agreement on their part, and hence are not in any position to demand rescission of the contract. On the part of the plaintiffs the suit was premature, and the defense is without merit.

It was proper for the court to enter the decree which it did. It is affirmed.                     AFFIRMED.

MR. JUSTICE HARRIS took no part in the consideration of this case.

MR. JUSTICE EAKIN absent.