Submitted on briefs January 22, affirmed March 3, 1925.

## GEORGE DE VOL v. CITIZENS' BANK.

(233 Pac. 1008.)

**Appeal and Error—Fact Question, on Which There was Evidence for Jury not Considered on Appeal.**

1. Fact question, on which there was evidence for jury, need not be considered on appeal from judgment on verdict.

**Contracts—Contention Supported by Any Evidence Presents Fact Question for Jury.**

2. Whether plaintiff performed contract as alleged in complaint was fact question for jury, if there was any evidence to support contention, but law question for court, in absence of evidence on such issue.

**Banks and Banking—Grantee Held Entitled to Demand Release of Deposit to Clear Title After Reasonable Time for Cancellation of Municipal Liens.**

3. Under contract providing that money deposited in bank by grantor, as security for performance of agreement to discharge municipal assessment liens, should be applied to clear title, if vendor was unsuccessful in pending litigation with city and made default, grantee, at expiration of reasonable time for cancellation of assessments, or on grantor's default in performance of contract, could demand of bank that money be released for intended purpose.

**Banks and Banking—Grantor's Agreement to Discharge Municipal Liens Held not Performed by Subsequent Grantee's Payment to City.**

4. Grantor's contract to discharge municipal assessment liens *held* not performed by payment to city by subsequent grantee, after

---

1. See 2 R. C. L. 193.
2. See 16 R. C. L. 183, 189.

Supreme Court sustained validity of liens, to prevent sale of property to satisfy them, so as to entitle grantor to return of money deposited in bank as security for performance.

**Banks and Banking—Grantor Held not Entitled to Demand Return of Money Deposited as Security for Performance of Agreement to Discharge Municipal Liens.**

5.   Where special assessments remained charge on property ten years after grantor deposited money to secure performance of agreement to discharge liens, subsequent grantee had right to make payment to city, and grantor could not demand return of money, as required by contract, if title was cleared, though bank, without authority, released deposit to pay such grantee's mortgage indebtedness.

**Banks and Banking—That Grantor was Prevented from Performing Agreement by Bank's Misapplication of Money Deposited as Security Should be Alleged.**

6.   Grantor, if prevented from performing agreement to discharge municipal assessment liens by bank's satisfaction of mortgage from money deposited as security for performance, should so allege in action to recover amount from bank without having performed his part of contract within reasonable time.

**Banks and Banking—Measure of Damages Recoverable from Bank Preventing Performance of Depositor's Agreement by Misapplication of Deposit for Unauthorized Purpose, Stated.**

7.   Measure of damages recoverable from bank, preventing performance of grantor's agreement to discharge municipal assessment liens, by misapplying money deposited as security for performance, would be difference between sum deposited with interest and amount grantor would otherwise have had to pay to satisfy liens.

**Contracts—No Recovery on Proof That Performance was Prevented or Waived, Where Performance was Pleaded.**

8.   Where performance of contract is pleaded, recovery cannot be had on proof that performance was prevented or waived.

**Contracts—Performance Fact Question for Jury, Unless Facts are Undisputed.**

9.   Whether contract was performed within reasonable time is generally fact question for jury, but becomes question of law for court when facts are undisputed.

**Banks and Banking—Ten Years Held More Than Reasonable Time for Performance of Grantor's Agreement to Discharge Municipal Liens.**

10.   Ten years from time of grantor's deposit in bank to secure performance of agreement to discharge municipal assessment liens *held* more than reasonable time for performance, as matter of law.

6.   See 6 R. C. L. 1012.
8.   See 21 R. C. L. 608.
9.   See 16 R. C. L. 189.
10.   See 6 R. C. L. 896.

**Appeal and Error—Rule of "Law of the Case" Distinguished from "Res Judicata." Doctrine.**

11. Rule of "law of the case" is applicable only when same point was decided on previous appeal, whereas, under *"res judicata"* doctrine, all questions which might have been litigated under issues formed in case, as well as those actually adjudged, must be taken as at rest forever.

**Appeal and Error—Law of Case on Issue of Plaintiff's Performance of Contract Held not Settled by Opinion on Former Appeal.**

12. Where defendant moved for nonsuit and directed verdict in first trial, on ground that there was no competent evidence that contract alleged was made, legal effect of plaintiff's failure to show performance thereof, as alleged, was not presented for decision, and hence not settled as law of case by Supreme Court's opinion sustaining denial of motions.

**Appeal and Error—Assignments of Error on Appeal from Judgment on Verdict for Defendant, Entitled to Directed Verdict, not Considered.**

13. Defendant being entitled to directed verdict because of plaintiff's failure to prove alleged performance of contract on his part, assignments of error on appeal from judgment on verdict for defendant need not be considered.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

This action for recovery of money deposited with the defendant bank was before this court on a former appeal (*De Vol* v. *Citizens' Bank,* 92 Or. 606 (179 Pac. 282, 181 Pac. 985), and was reversed for failure to give a certain requested instruction. When the cause was remanded, a general denial was filed as the bank's amended answer, and on trial the jury found for the defendant. The cause now comes before us for consideration on numerous assignments of error in the admission and rejection of testimony and in giving and refusing to give certain instructions.

Plaintiff alleges that, on October 30, 1905, he sold certain lots in the City of Portland, Oregon, to A. W. Lambert, then president of the defendant bank, for

---

11. See 15 R. C. L. 959.
13. See 26 R. C. L. 1074.

the sum of $5,000, and, at his request, by warranty deed conveyed them to A. W. Whitmer. At the time this property was sold litigation was pending between the plaintiff and the City of Portland relative to the validity of certain special assessments which had been levied on the property in question for street improvement purposes. He avers that from the proceeds of the sale to Lambert he deposited $1,000 with the defendant bank to be held by it as security for the performance by him of an agreement to satisfy and discharge the municipal liens above mentioned, and claims that the bank accepted this money with the understanding and agreement that it was to keep the same until the litigation was settled. If the plaintiff was successful in his litigation with the city, and the title to the property was cleared, then the money deposited was to be returned to him, together with interest thereon at 4 per cent per annum; but, if unsuccessful and default was made in the performance of his contract, then such money should be applied for the purpose of clearing the title to the property which the plaintiff had sold.

The Circuit Court, on July 6, 1908, upheld the contention of plaintiff in the writ of review and set aside the assessments in question. On March 23, 1910, the common council of the City of Portland passed an ordinance reassessing the cost of said street improvement, whereupon the plaintiff, in the following month, filed notice of appeal and in addition thereto petitioned for writ of review. The Circuit Court dismissed the writ and on appeal this court, in September, 1914 (*Reiff* v. *Portland,* 71 Or. 421 (141 Pac. 167, 142 Pac. 827, L. R. A. 1915D, 772), in which plaintiff was a party), affirmed the decree of the lower court, and thereby established the regularity

and validity of the reassessment proceedings. While that proceeding was pending no action was taken by plaintiff to prosecute his appeal for the purpose of adjudicating the amount of damages sustained to his property, but he, in fact, did all that was possible to prevent the matter from being determined, and finally in April, 1916, moved that the appeal be dismissed.

On November 6, 1905, Lambert & Whitmer conveyed by warranty deed the lots mentioned to James Monks for $7,500, and accepted a mortgage in the sum of $5,000 to secure the balance due on the purchase price. This mortgage was then assigned to a Dr. Clark. When it became due—November 5, 1908—there was an unpaid balance of $1,100 and interest, and Monks refused to pay the same until the municipal liens in question had been satisfied of record. On December 12, 1908, the bank, at the request of Lambert & Whitmer, applied the money thus deposited in payment of the amount due on the mortgage. After the decision of the Supreme Court was rendered sustaining the validity of the special assessment liens, Monks, believing that ample opportunity had been given plaintiff to discharge them by litigation or payment, entered into an agreement of compromise with the city on November 29, 1915, which was approved by ordinance, whereby he paid it the sum of $1,280.87 in full satisfaction of these liens. Summarizing this transaction, it may be said the bank paid Monks' mortgage indebtedness and Monks paid the amount due on the liens. It is the theory of the plaintiff that Monks' satisfaction of the liens cleared the title and constituted a performance of the contract on his part, and he therefore demands judgment against the bank for the amount deposited, together with interest thereon. Defendant denies the

contract as alleged and the performance of the same, but admits that $950 was deposited with it, which it claims belonged to plaintiff's sister, Mary De Vol, in whom was vested the legal title to the property at the time it was conveyed to Whitmer.    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Olson & Bain.*

For respondent there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble.*

BELT, J.—1, 2. There was evidence offered to the jury for its consideration that the plaintiff was the owner of the lots in question and that he deposited $1,000 with the bank under the terms of his alleged contract, so we need not be further concerned with that phase of the case. The more serious question that confronts us is: Did the plaintiff perform the contract as alleged in his complaint? If there was any evidence to support this contention, it was a question of fact to be submitted to the jury; but if no evidence was offered relative to that issue, it then became a question of law for the court to decide.

3. As we construe the contract plaintiff was obliged to exercise due diligence in carrying on the litigation for the purpose of canceling the reassessments levied, and he had a reasonable length of time in which to do so. The money was deposited with the bank for the benefit of plaintiff's grantee, and De Vol was not permitted, under the terms of his agreement, to allow the property to remain encumbered beyond a reasonable length of time. At the expiration of that time, or when the plaintiff defaulted in the performance of his contract, Whitmer, or his successor in interest, had the right to demand of the bank that the

money deposited be released for the purpose for which it 'was intended: *Browne* v. *Rhode Island Mortgage & Trust Company,* 21 R. I. 169 (43 Atl. 537).

4. It is conceded that the plaintiff never discharged the liens against the property, but it is claimed that Monks' alleged voluntary payment to the city, while the appeal was pending, inured to plaintiff's benefit, and, in contemplation of law, was a performance of the contract by him. We cannot agree with this contention. Monks' payment was not voluntary, but was made for the protection of his property and to prevent its sale by the city to satisfy the liens against it. Monks was in no sense a mere volunteer: *Hoffman* v. *Habighorst et al.,* 49 Or. 396 (91 Pac. 20); 40 Cyc. 222.

5. Ten years had elapsed since plaintiff deposited this money with the bank to secure performance of his agreement, and still the special assessments remained a charge upon the property. Under such circumstances we believe Monks had a legal right to do that which the plaintiff had contracted but failed to do. It is certain that plaintiff had no right to demand of the bank the money deposited until he had shown a performance of the contract on his part. Indeed, it is certain that plaintiff had no right to demand the money until he had settled his litigation. The defendant had no authority to release this deposit in 1908 to pay Monks' mortgage indebtedness, and acted at its peril in so doing; but the plaintiff is not in a position to complain until he has shown under the theory of his complaint a performance of the contract.

6. If after the bank permitted the money deposited to be used in satisfying the Clark mortgage, De Vol, within a reasonable length of time from the date of

deposit, had performed his part of the contract by having the municipal liens in question canceled, thereby clearing the title to the property which he had sold, then he would undoubtedly be entitled to prevail. If he was prevented from carrying out his agreement by the act of the defenedant, it should have been so alleged.

7. Under that theory of the case his measure of damages would have been the difference between the sum deposited with interest and the amount he would have been obliged to pay in satisfaction of the liens had defendant not interfered.

8. Where performance of a contract has been pleaded, recovery cannot be had upon proof that performance was prevented or waived. It is a question of failure of proof: *Young* v. *Stickney,* 46 Or. 101 (79 Pac. 345), and cases therein cited; *Maynard et al.* v. *Lange,* 71 Or. 560 (143 Pac. 648, Ann. Cas. 1916E, 547).

9. As a general rule it is a question of fact for a jury whether a contract has been performed within a reasonable length of time, but when the facts are undisputed, as in the instant case, it then becomes a question of law for the court to decide: *Paulson* v. *Weeks,* 80 Or. 468 (157 Pac. 590, Ann. Cas. 1918D, 741); *McGregor* v. *Oregon R. & N. Co.,* 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668).

10. The trial court submitted this issue to the jury, but in our opinion would have been warranted in stating as a matter of law that a reasonable length of time had expired in which plaintiff had to perform.

11. In the former trial a motion for nonsuit and directed verdict was denied, and this court in its prior opinion held that the court was right in submitting the case to the jury. It is now insisted that

the law of the case has been settled in that respect and by reason thereof we are precluded from considering the question as to whether there was evidence of performance of contract. The rule of "law of the case," while similar to *res judicata,* has greater limitations and is applicable only when the same point was decided in the previous appeal. *Res judicata* and "law of the case" are distinguished in *Alerding* v. *Allison,* 170 Ind. 252 (83 N. E. 1006, 127 Am. St. Rep. 363), a well-considered case, wherein the court said:

"The doctrine of 'the law of the case,' as referring to the decision of the court in a particular case on a former appeal, is analogous to the doctrine of former adjudication, but much more limited in its application. Under the rule of former adjudication, when a cause has been finally determined by a competent tribunal, all questions of controversy arising in the case must be taken as at rest forever, not only the things that were actually adjudged, but every other matter which the parties might have litigated under the issues formed: *Fischli* v. *Fischli* (1825), 1 Blackf. *360, 12 Am. Dec. 251; *Gutheil* v. *Goodrich* (1903), 160 Ind. 92 (66 N. E. 446). The rule known as 'the law of the case,' while as conclusive as in former adjudication, as to all matters within its scope, cannot be invoked, except as to such questions as have been actually considered and determined in the first appeal. In the application of this rule courts will take cognizance of such points only as affirmatively appear in the last to have been decided in the former appeal. The rule being one which tends to prevent the judicial consideration of a particular controversy, is not to be extended beyond the exigencies which demand its application."

12. Defendant in the first trial moved for a nonsuit and directed verdict for the reason that there was no competent evidence that the contract had ever been

made or that plaintiff ever made any deposit with defendant. The question as to the legal effect of plaintiff's failure to show performance of contract as alleged has never before been presented for decision, and therefore we may properly consider the same: *Pacific Mill Co.* v. *Inman, Poulsen & Co.*, 50 Or. 22 (90 Pac. 1099).

13. We are of opinion that defendant was entitled to a directed verdict for the reason that plaintiff failed to prove performance of the contract as alleged. In view of this conclusion it is not necessary to consider assignments of error: *Rosenwald* v. *Oregon City Transp. Co.*, 84 Or. 15 (163 Pac. 831, 164 Pac. 189).

The verdict of the jury for the defendant is in keeping with the facts and law of the case, and the judgment based thereon is affirmed.    AFFIRMED.