Argued at Pendleton May 3; affirmed July 19, 1932

# SIMMONS *v.* WASHINGTON FIDELITY NATIONAL INSURANCE CO.

(13 P. (2d) 366)

*Milton R. Klepper,* of Portland (J. A. Burleigh, of Enterprise, and Robert W. Gilley, of Portland, on the brief), for appellant.

*Max Wilson,* of Joseph, for respondent.

RAND, J. This is an action at law to recover indemnity under an accident and health policy issued by the defendant company to plaintiff for an accidental injury sustained by plaintiff.

In the first answer filed by the defendant, it set up an equitable defense and prayed for the cancellation of the policy. After a hearing thereon, a decree was entered in the court below denying equitable relief and directing that the action proceed at law, which decree was affirmed by this court in 136 Or. 400 (299 P. 294).

The defense sought to be interposed on the equity side of the court was that the application made by plaintiff for insurance contained false answers and misrepresentations made by plaintiff for the purpose of obtaining the insurance. The plaintiff, on the other hand, claimed and offered proof tending to show that such false answers and misrepresentations as were contained in the application were written therein by the agent of the defendant company without plaintiff's knowledge or consent, and that plaintiff, by reason of his inability to read the application signed by him, had no knowledge of any false statements in the application and that the mistakes and false answers being the acts of the company's agent, the defendant was bound thereby and could not avoid payment of the indemnity provided by the policy on that ground alone.

After the cause had been remanded to the court below, the defendant filed an amended answer, setting

up this identical defense as a defense in the action at law. The cause was then put at issue and tried before the court and a jury, and plaintiff had verdict and judgment for $600 as indemnity and $150 as attorney's fees, and defendant appealed.

■ The defendant assigns error upon numerous grounds but for the most part the questions presented here were considered and decided upon the former appeal. A careful consideration of the evidence offered in the former trial shows that the facts in evidence upon both trials were substantially the same. It is a general principle of law and one well recognized in this state that when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review: *Powell v. D. S. & G. R. R. Co.,* 14 Or. 22 (12 P. 83); *Bloomfield v. Buchanan,* 14 Or. 181 (12 P. 238); *Thompson v. Hawley,* 16 Or. 251 (19 P. 84); *Kane v. Rippey,* 22 Or. 299 (29 P. 1005); *Portland Trust Co. v. Coulter,* 23 Or. 131 (31 P. 280, 282); *Baker County v. Huntington,* 48 Or. 593 (87 P. 1036, 89 P. 144); *Oliver v. Synhorst,* 58 Or. 582 (109 P. 762, 115 P. 594); *State v. McDonald,* 59 Or. 520 (117 P. 281); *Williams v. Pacific Surety Co.,* 70 Or. 203 (139 P. 934); *Rugenstein v. Ottenheimer,* 78 Or. 371 (152 P. 215, Ann. Cas. 1917E, 953); *DeVol v. Citizen's Bank,* 113 Or. 595 (233 P. 1008); *Reed v. Hollister,* 106 Or. 407 (212 P. 367); *Adskim v. O. W. R. & N. Co.,* 134 Or. 574 (294 P. 605).

■ It was held upon the former appeal that since plaintiff admitted his signature to the application he had the burden of proving that the false statements con-

tained in his application were made without his knowledge, consent or authority, and that, if he established that fact, he would be entitled to recover in his action at law. Hence, when the case was remanded to the circuit court for trial, the main question for decision was: Were those false statements inserted without plaintiff's knowledge, consent or authority by the agent of the defendant? That question has been answered in the affirmative by the verdict of the jury and, hence, whatever doubt may have existed before the verdict that doubt is now eliminated from the case. The only question remaining for decision is: Was there any error committed by the court which deprived the defendant of a fair and impartial trial?

■ Clearly, under the issues made by the pleadings and our former decision, it was not error for the court to permit plaintiff to testify that he was illiterate and that he could neither read nor write except to sign his own name, nor was it error for the court to permit him to testify that the false answers contained in his application were written into the application by the agent who solicited the insurance without plaintiff's knowledge or authority. Defendant's agent, in filling in the application, was acting within the apparent scope of his authority and, if he inserted therein false statements not made or authorized by plaintiff, the fact that he did so could be established only by parol evidence and, if within the issues, parol evidence is admissible for that purpose. As said upon the former appeal: "Such evidence is not admitted to vary or contradict the writing, but is based upon the principle that the writing was procured under such circumstances that it can not lawfully be used against the party whose name is signed to it. It is not his instrument, so far as the claimed erroneous statements are

concerned. \* \* \* The writing in such case is not the applicant's statement, although signed by him, and the insurance company is estopped to claim that the representation is that of the insured. The error is chargeable to the insurer and not to the insured." 1 Joyce on Insurance, 632, section 505.

Defendant's principal contention grows out of the fact that plaintiff had sustained an injury and received medical attention some six months before the policy was issued and a false statement concerning that matter was contained in the application for insurance. That was one of the statements which plaintiff testified, and the jury found, that he did not make and which he did not know was in the application at the time he signed it. Based upon the fact that this false statement was made in the application, the defendant requested the court to give numerous instructions. These requested instructions were given mainly in the language of the court and only in part in the language requested. We can find no error in any modification made by the court in so instructing the jury. Much of the matter eliminated by the court was argumentative. We find no error in respect to any of said matters. Among the instructions given in a modified form was the following:

"If you find, as a matter of fact, that plaintiff represented to the defendant, that he was in sound condition mentally and physically, and or that he had not been disabled by either accident or illness, and or received medical or surgical attention during the ten years preceding the signing of the application, and further find as a matter of fact, that at the time of the signing of the application the plaintiff was not in sound condition mentally and physically, and or had received medical or surgical attention during the ten years preceding the signing of the application, then

you are instructed that the plaintiff cannot recover in this action and your verdict should be for the defendant.''

■ This instruction followed the requested instruction in the confusing use made of the combined conjunctive and disjunctive ''and or,'' and followed the language of the requested instruction in telling the jury that if the plaintiff was not in sound condition mentally and physically at the time of signing the application, and represented that he was, he cannot recover. That representation, if made even if untrue at the time but not made with knowledge of its falsity, would not necessarily avoid the policy under the authority of *Mutual Life Ins. Co. v. Chandler,* 120 Or. 694 (252 P. 559), and authorities there cited. Hence, the error, if there was error, was favorable to defendant.

Defendant excepts to an instruction given by the court. The part claimed to be objectionable is as follows:

''If you find by a preponderance of the evidence, that the mistakes in the application were not made by the plaintiff with intent to deceive or defraud the defendant company, I instruct you that such false answers in the application, would not avoid the policy, and the defendant company cannot avoid payment by reason of such false answers, and in that case your verdict should be for the plaintiff, upon this question.''

■ In this connection, defendant contends that a false statement that plaintiff had not been injured or received medical attention within ten years prior to the issuance of the policy would avoid it, whether innocently or honestly made. If plaintiff had made this particular misrepresentation or had been responsible for its being included in his application, defendant's point would seem to be well taken, but plaintiff testified

that he did not make that statement and did not know that it was in the application when he signed it, and the verdict so finds. Under these circumstances, when the instruction objected to is considered in the light of the one first quoted above, the jury could not have been misled for, in the instruction last referred to, the court expressly told the jury that if plaintiff had made that statement and it was untrue then its verdict should be for the defendant.

This case has been very ably briefed and every phase of the law, even though only remotely applicable to the questions involved, has been argued and presented, but, after a careful consideration of every objection urged, we can find no reason which would justify us in disturbing the verdict. The instructions given by the learned trial court fully covered all matters at issue and we think correctly stated the law applicable thereto, and there was ample evidence to sustain the verdict.

The judgment, therefore, is affirmed.

BELT, J., not sitting.