Argued and submitted December 16, 2010, affirmed February 2, 2011

Timothy M. BROWN, M. D.;
and Timothy M. Brown, M. D., P. C.,
an Oregon professional corporation,
*Plaintiffs-Appellants*

*v.*

Daniel J. GATTI;
Gatti, Gatti, Maier, Krueger, & Associates,
an Oregon partnership;
Gatti, Gatti, Maier, Krueger, Sayer, & Associates,
an Oregon partnership;
and Gatti & Gatti, P. C.,
an Oregon professional corporation,
*Defendants-Respondents,*

*and*

Marie NOLAN,
*Defendant.*

Multnomah County Circuit Court
000201586; A141122

248 P3d 18

Montgomery W. Cobb argued the cause for appellants. With him on the opening brief were Katharine W. Mathews and Montgomery W. Cobb, LLC. With him on the reply brief was Montgomery W. Cobb, LLC.

Michael J. Walker argued the cause for respondents. With him on the brief were J. Philip Parks and Parks Bauer Sime Winkler & Fernety, LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

This appeal is yet another chapter in the protracted litigation between plaintiffs and defendants regarding allegedly defamatory statements that defendant Gatti, an attorney, made to reporters about plaintiff Brown, a doctor. On appeal, plaintiffs make numerous assignments of error. We affirm and write to address only the first assignment of error, concerning summary judgment on plaintiffs' third amended complaint. Given the complex history of this litigation, we set out only those facts pertinent to the allegedly defamatory statements at issue in plaintiffs' third amended complaint—namely, the statements alleged in paragraphs 16(a) and 16(d) (the third claim for relief) and paragraph 4(c) (the first claim for relief).

■ Plaintiffs contend that they should have been able to proceed to trial on the third claim for relief. During earlier stages of these proceedings, however, summary judgment on that claim, based on the same allegations as paragraphs 16(a) and 16(d), was affirmed.[1] Plaintiffs' effort to relitigate the same claim for relief, relying on the same previously alleged statements, is precluded under the doctrine of the law of the case. *See State v. Pratt*, 316 Or 561, 569, 853 P2d 827, *cert den*, 510 US 969 (1993) (explaining that a ruling or decision made by an appellate court in a particular case, although it may be overruled, " 'is binding and conclusive

---

[1] Earlier in these proceedings, plaintiffs alleged, in their third claim for relief, that Gatti was responsible for four defamatory statements in a KATU newscast. *Brown v. Gatti*, 195 Or App 695, 698-99, 99 P3d 299 (2004) (*Brown I*). We concluded that, because defendants offered evidence that Gatti did not make or provide the information underlying two of the statements—the statements alleged in paragraphs 16(a) and 16(d) of the third amended complaint—and plaintiffs offered no contravening evidence, the trial court did not err in granting summary judgment to defendants as to those claims involving those statements. *Id*. at 705. We nevertheless reversed summary judgment on the third claim for relief because we concluded that there was a genuine issue of material fact as to whether the other two statements alleged in support of that claim, statements that Gatti admitted making, were defamatory. *Id*. at 705-08. On review in the Supreme Court, plaintiffs did not challenge our ruling that there was no fact issue concerning two of the statements. *Brown v. Gatti*, 341 Or 452, 457, 145 P3d 130 (2006) (*Brown II*). As to the remaining two statements alleged in support of the third claim for relief, the Supreme Court concluded that the statements were not defamatory and affirmed the award of summary judgment. *Id*. at 462-65. Thus, the summary judgment on plaintiffs' entire third claim for relief was affirmed.

both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review' " (quoting *Simmons v. Wash. F. N. Ins. Co.*, 140 Or 164, 166, 13 P2d 366 (1932))).

■　We turn to the remaining allegedly defamatory statement in the third amended complaint. In paragraph 4, plaintiffs allege:

> "On February 27, 1999, the Portland *Oregonian* newspaper published a story containing the following false and defamatory statements about plaintiffs made by [defendant Gatti]:
>
> "* * * * *
>
> "c. That [plaintiff Brown] 'portrayed himself as a plastic and reconstructive surgeon in telephone book ads and literature he gave to potential patients.' "

In earlier proceedings in this litigation, first this court, *Brown v. Gatti*, 195 Or App 695, 99 P3d 299 (2004) (*Brown I*), and then the Supreme Court, *Brown v. Gatti*, 341 Or 452, 145 P3d 130 (2006) (*Brown II*), addressed the defamatory nature of several statements allegedly made by defendant. We held that a defamation claim based on a statement implying that Brown had attempted to portray himself as a plastic surgeon presented an issue of fact for a jury. *Brown I*, 195 Or App at 715.

Although that holding was not challenged on review in the Supreme Court, the Supreme Court's analysis of other allegedly defamatory statements is instructive regarding whether that statement is defamatory. In *Brown II*, the court first rejected plaintiffs' contention that Gatti defamed Brown in a statement quoted in *The Oregonian*:

> "The award [for Gatti's client] disappointed the woman's lawyer, who was seeking more than $2 million, but he said it still should send a message to *doctors who portray themselves as plastic surgeons when they're not.*
>
> " 'It sends notice to doctors who aren't board-certified to notify the public about their true qualifications,' said attorney Daniel Gatti."

341 Or at 461-62 (some internal quotation marks omitted; emphasis in *Brown II*). The court held that no reasonable juror could read Gatti's statement, in context, to refer to more than the fact that Brown is not board certified as a plastic surgeon, which is a true statement and therefore not defamatory. *Id.* at 462.

The court also considered whether one of Gatti's statements to a KATU reporter—that "USWEST Direct is negligent in not at least requiring doctors to somehow certify that they are indeed certified in the area in which they are wanting to advertise [or] to do some sort of minuscule investigation as to whether or not the doctor is qualified"—could support a defamation claim. *Id.* at 464 (internal quotation marks omitted; brackets in *Brown II*). The court rejected plaintiffs' argument that the statement was defamatory:

> "Gatti's complaint that USWEST Direct should require some proof of credentials when it sells advertising, considered in context, *plainly implied that Brown had misrepresented his credentials in his advertising.*
>
> "That does not end the matter, however. On this record, it appears that the implied fact—that Brown was not a board certified plastic surgeon—is true. And, because it is true, Gatti's statement loses its defamatory content."

*Id.* at 465 (emphasis added).

On remand after *Brown II*, the reporter from *The Oregonian* was deposed. After an additional discovery period, defendants again moved for summary judgment. Relying on the analysis in *Brown II*, the trial court granted that motion as to the statement alleged in paragraph 4(c) of the third amended complaint, that Brown " 'portrayed himself as a plastic and reconstructive surgeon in telephone book ads and literature he gave to potential patients.' " The trial court was correct to do so. Although the statements analyzed by the Supreme Court and the statement in paragraph 4(c) of the third amended complaint are different, both imply the same fact: that Brown misrepresented his credentials by representing himself as a board-certified plastic surgeon. Because that implied fact is true, Gatti's statement is not defamatory. Our holding in *Brown I* that an issue of fact arose concerning the statement alleged in paragraph 4(c) does not survive the

Supreme Court's analysis in *Brown II*. The trial court did not err by granting summary judgment.

Affirmed.